STATE *vs.* BENJAMIN DODGE.

Lincoln. Opinion March 19, 1889.

*Indictment. Time. Negative averment.*

An act, prohibited by statute on certain particular days only, must be charged in an indictment as having been committed on one of those particular days, else no offense is set out.

ON EXCEPTIONS, to overruling a motion in arrest of judgment, after verdict, upon the following indictment:

"The jurors for said state, upon their oath present, that Benjamin Dodge of Newcastle, in said county of Lincoln, at Newcastle in said county of Lincoln, on the first day of June, in the year of our Lord one thousand eight hundred and eighty-six, and

on divers other days and times between said first day of June, A. D. 1886, and the fifteenth day of July, A. D. 1886, did keep and maintain for the purpose of taking alewives and other fish, a certain fish-weir in the waters of the Damariscotta river, in said county of Lincoln, at Dodge's Point, so-called, in said Newcastle, and not within the part of said waters exempt from provisions relating to migratory fishes and the supervision of fish-ways by the commissioners, by § 31 of c. 40 of the R. S., of the year A. D. 1883, of the state of Maine; and the said Benjamin Dodge was bound and required by law to take out and carry on shore the netting or other material which while fishing closes that part of said weir where the fish are usually taken, and let the same there remain during the weekly close time, as prescribed and required by § 43 of c. 40 of said R. S., being the time between sunrise on Saturday morning of the twelfth day of June A. D. 1886, and sunrise on the following Monday morning of the fourteenth day of June, A. D. 1886, but the said Benjamin Dodge did not take out and carry on shore the netting or other material which while fishing, closes the part of said weir where the fish are usually taken, and let the same there remain during said close time, as required by statute, being the time between sunrise of Saturday morning of the twelfth day of June, A. D. 1886, and sunrise of the following Monday morning of the fourteenth day of June, A. D. 1886 but did then and there during said close time keep the part of said weir, where the fish are usually taken, as aforesaid, closed, against the peace," &c.

The motion in arrest of judgment was in substance; that said indictment does not allege that the respondent kept or maintained a weir in or during any time which was close time; but only that on the first day of June 1886, and on divers other days and times between said first day of June 1886, and the fifteenth day of July 1886, the respondent did keep and maintain such weir. That said first day of June 1886, was not close time, and that there were divers other days and times between said first day of June 1886, and the fifteenth of July 1886, which were not close time.

*G. B. Sawyer*, for defendant.

The indictment follows a form which would be applicable to a continuous close time between the dates named. It should have averred, either, that on the first day of June and during all the time between that day and the fifteenth day of July, the respondent "did keep and maintain," &c., or discarding the *continuando* altogether, averred the keeping and maintaining on the precise days to which the proof was applicable. Where the criminality of an act depends solely on the time of its commission, the time is a material averment, not only as to the act itself, but also as to every essential element to its commission,—and should be alleged with certainty.

We are aware that keeping and maintaining a weir is not in itself the substantive offense which the statute contemplates; but it is an essential element, without the existence of which, at the very time of the offense, the offense can not be committed.

Suppose that on Tuesday, the first day of June, the respondent had, in Damariscotta river, such a weir as the indictment describes, and that he kept and maintained it till Friday, the fourth day of June, when he wholly and finally removed it. The allegation of "keeping and maintaining," as in the indictment, would be strictly true, and yet no offense would have been committed. The subsequent allegation, that "the said B. D. did not take out and carry on shore the netting," &c., "and let the same there remain" during a specified close time would also be true, as it would of every other person in the community. But without the "essential fact," properly alleged, that on the particular days named the respondent had, or "kept and maintained," such weir, it fails to sufficiently allege any violation of the law. *State* v. *And. R. R. Co.*, 76 Maine, 411; *Barter* v. *Martin*, 5 Maine, 76; *State* v. *Lashus*, 79 Maine, 541.

The intervening allegation, that the said B. D. "was bound and required by law to take out and carry on shore the netting," &c., during a specified time, merely attempts to state a conclusion of law; and would be unobjectionable, by way of inducement, if based on a sufficient allegation that on the days named he had such a weir. Without that it falls to the ground.

The concluding averment in the indictment,—"but did then and there during said close time, keep the part of said weir, where the fish are usually taken, as aforesaid, closed," is subject to the same objections above stated ; and, besides that, it does not sufficiently allege any offense known to the law.

*O. D. Castner,* county attorney, for the state.

Allegation of Time :

An indictment must show a time certain when the offense was committed, and the time may be laid with a *continuando;* and the "divers other days" must be alleged with legal exactness. "Such exactness is obtained by alleging that the offense was committed on a day certain and on divers other days between two days certain." *Wells* v. *Com.,* 12 Gray, 327. Evidently such allegation, when made with the above degree of exactness, may include any and all days within the time named. Having made an allegation which would admit proof of maintaining a weir on any day within the two days named, the indictment goes on to describe the offense, and designates the close time particularly when the same was committed.

Mode of charging the offense :

It is established by a list of authorities too numerous to cite, that it is not necessary to describe a statutory offense in the exact words of the statute, but that the indictment is sufficient if the offense be substantially set forth, though not in the words of the statute. See Abbott's U. S. Dig. Title "Indictment" III, 2, No. 206 and authorities there cited. An indictment thus framed "fully, plainly, formally and substantially" describes the offense. *Com.* v. *Fogerty,* 8 Gray, 490–1. There is no variance, in the given indictment, because the offense is charged in the exact words of the statute; there is no material omission, because the portions of statute not included relate to other violations not intended to be charged.

Exceptions and Provisos :

It is a well established rule of pleading that it is not necessary to negative a proviso found in a different clause or statute from that containing the prohibition. The case in 78 Maine, (p. 392), does not abrogate that general rule. The ground of that decision

was that the complaint did not even make out a *prima facie* case. The criminality of the act charged depending on the locality, there did not necessarily appear any offense committed, admitting all the allegations. But the distinction is very clear between the principles which govern that case and the general rule that a proviso or exception need not be negatived, which, instead of entering into the essence of the offense, furnishes a justification or excuse for committing it. Exceptions and provisos of the latter class merely furnish grounds of defense. And therefore the exceptions and provisos in question, being of the latter class, need not be negatived. See *Com.* v. *Jennings*, 121 Mass. 49; 29 Iowa, 551 (Abbott N. S.) II, "Indictment" No. 25.

The above rule is not only well established, but is one on which the pleader greatly relies in drafting indictments, to avoid unnecessary prolixity and cumbersome forms of expression.

HASKELL, J. "Neither a complaint nor an indictment for a criminal offense is sufficient in law, unless it states the day, as well as the month and year on which the supposed offense was committed." *State* v. *Beaton*, 79 Maine, 314.

An act, prohibited by statute on certain particular days only, must be charged as having been committed on one of those particular days; for the time laid is a material element in the offense, and, unless laid on a day within the statute, no offense would be charged. In the case at bar, both time and place are material elements to constitute the statute offense. *State* v. *Turnbull*, 78 Maine, 392.

The statute prohibits the maintaining of closed weirs in certain inland waters on Saturdays and Sundays between April 1st and July 15th. R. S., c. 40, § 43. The indictment charges the maintaining of the weir on June 1st, Tuesday, not close time, and on divers other days and times between that day and July 15th. All this may have been lawfully done. Saturday and Sunday are not pointed out as among the "divers other days and times." The defendants are presumed to have regarded law, not to have violated it.

True, the indictment avers that during Saturday and Sunday, June 12 and 13, the defendants were bound to carry and keep on

shore the netting which closes that part of the weir where fish are usually taken, and that they did not do it. But if they did not maintain the weir on those days they had no need to do it. It is said that the last clause in the indictment sufficiently charges the offense. But the trouble with that clause is, that it assumes, what is no where alleged, that the defendants during some Saturday or Sunday maintained the weir.

It is best for the proper administration of justice, that reasonable exactness and precision of statement be required from those officers of the law, selected on account of their professional skill in this behalf.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, VIRGIN and EMERY, JJ., concurred.