STATE OF MAINE *vs.* WEBB'S RIVER IMPROVEMENT COMPANY.

Franklin.     Opinion June 30, 1903.

*Indictment.   Nuisance.   Dams.   Flooding Highway.   Criminal Pleading.   Corporation Charter.   Public Act.   R. S., c. 17, § 5; c. 1, § 6, par. XXVI.   Spec. Laws 1891, c. 84.*

Since the passage of R. S., c. 1, § 6, par. XXVI, acts of incorporation are public acts and bound to be noticed by the courts as part of the law of the land.

In criminal pleading it is not ordinarily necessary to make negative averments, unless the clause defining the crime contains exceptions.

An act of incorporation, which modifies a general statute declaring the obstruction or encumbering of a highway to constitute a nuisance, is equivalent to an exception reserved in the clause of the statute which defines the crime.

An indictment for a nuisance by overflowing a highway, against a corporation whose charter authorizes the maintenance of dams, etc., at the outlet of a pond, should contain a negative averment to the effect that the dam complained of is not erected and maintained in accordance with the charter.

If the dam complained of is erected by the respondent in accordance with its charter and so maintained no indictment for nuisance will lie, even though individuals or the public have been injured.

See *State* v. *Godfrey*, 24 Maine, 232.

Exceptions by respondent.     Sustained.

Indictment for a nuisance under R. S., c. 17, § 5.     Respondent was charged with raising the water in Webb's Pond in the town of Weld, in Franklin County, by means of a dam, to such a height that the highway around the head of said pond was overflown, obstructed and rendered impassable.

The indictment was as follows:—

"STATE OF MAINE.

Franklin, ss.

At the Supreme Judicial Court, begun and holden at Farmington, within and for the County of Franklin, on the first Tuesday of February in the year of our Lord one thousand nine hundred and two,

the jurors for the State aforesaid, upon their oaths present that there is and for a long time, to wit, for the space of eighty years last past, has been a public road and common highway, situated, lying and being in the Town of Weld in the County of Franklin aforesaid, leading from Webb Post-Office around the westerly side of Webb's Pond to Carthage in said County, of great length, to wit, of the length of ten miles, and of great breadth, to wit, of the breadth of four rods, over and upon which the citizens of the State aforesaid have been accustomed to pass and repass freely and at their pleasure with their horses, teams, carts and carriages.

And the jurors aforesaid further present that the Webb's River Improvement Company, a corporation existing under and by force of the law of this State, duly organized and doing business, and having an office in Lewiston, Androscoggin County, Maine, on the fifteenth day of March in the year of our Lord one thousand nine hundred, erected and has since maintained to the day of the finding of this indictment dams at the outlet of said Webb's Pond in said Franklin County.

Whereby and by reason of said dams the water in said pond has been raised to a great height and has overflown, obstructed and encumbered said highway around the head of said Webb's Pond, and rendered the same impassable, so that the citizens of the State aforesaid over and upon said highway with their horses, teams, carts and carriages, at and during the time aforesaid since said dams were erected, could not nor yet can, pass and repass with safety and convenience, to the great damage and common nuisance-of all the citizens of said State over and upon said highway, passing and repassing as aforesaid, against the peace of the State and contrary to the form of the Statute in such case made and provided.

A true bill.

· A. V. HINDS, Foreman.

H. S. WING, Attorney for the State."

The respondent, having obtained leave to plead over, filed a general demurrer to the indictment. The presiding justice overruled the demurrer and the respondent alleged exceptions.

Sections 3 and 4 of respondent's charter are as follows:

"SECT. 3. Said corporation is hereby authorized to construct and maintain dams and side dams, piers, abutments, booms, side booms and sluices at the outlet of said pond and in said river, and to blast, excavate and deepen said outlet and the channel of said river, remove any obstructions therein and make any and all other improvements thereon which will facilitate the transportation of logs, wood and other lumber down said stream into the Androscoggin river; to hold and occupy by lease or purchase, and to enter upon and take such land and materials as may be necessary to make its said improvements, and to flow such land, so far as it may be necessary to accomplish its object. Provided, said corporation shall not enter upon and take for the purpose aforesaid any mill site otherwise than by lease or purchase, and said corporation shall pay to the owners of said land and material so taken, such sums as the parties may agree upon, or if they cannot agree, such damages as may be adjudged by the county commissioners of the county in which said land and materials are taken, in the same manner and under the same conditions and liabilities as are provided in the case of damage by the laying out of public highways, and for lands flowed by said corporation the owners shall be entitled to the same remedies as are now provided by law in cases of flowing lands by the erection of dams for mills.

"SECT. 4. Any dam erected or maintained by said corporation at the outlet of the pond under the authority of this act, shall be of such height as not in ordinary seasons to flow the water in the pond above ordinary high-water mark, and the authority to hold said water shall be limited solely to the purpose of floating logs, wood and lumber out of said pond and down said river during the spring driving season. It shall be the duty of said corporation to use reasonable diligence in running said logs, wood and lumber down the river, completing the same by June fifteenth, and thereupon to so manage the dam that the water in the pond and the flow in the river shall continue in its natural state as near as may be, until another driving season begins."

The contentions of counsel on both sides concerned the question as to whether the indictment should allege that the dam was not erected

in pursuance of authority of statute, or whether the privilege conferred by its charter should be pleaded by the respondent.

*H. S. Wing,* County Attorney, for the State.

*W. H. White and S. M. Carter,* for respondent.

SITTING: WISWELL, C. J., EMERY, STROUT, POWERS, PEABODY, JJ.

PEABODY, J. This is an indictment against the Webb's River Improvement Company, a corporation doing business in Lewiston, in the County of Androscoggin and State of Maine, for nuisance in which it is alleged that the respondent corporation maintained certain dams at the outlet of Webb's Pond, in Franklin County, in said State, by which the water of the pond was raised so as to overflow, obstruct and encumber the highway around the head of the pond rendering it impassable.

By R. S., chap. 17, § 5, "The obstructing or encumbering by fences, buildings, or otherwise, highways, private ways, streets, alleys, commons, common landing places, or burying grounds, are nuisances within the limitations and exceptions hereafter mentioned."

The respondent demurred to the indictment as insufficient in law. The demurrer was overruled by the presiding justice, and the cause is brought before the law court on exceptions.

It appears that the Webb's River Improvement Company was incorporated by an Act of the Legislature, chap. 84, Private and Special Laws of 1891, referred to and made part of the bill of exceptions. Its charter gave the corporation the right to maintain dams and other structures at the outlet of this pond, and it is claimed by the respondent that the indictment alleges nothing which it has done not authorized by the act of incorporation.

The charge constitutes an indictable offense to which corporations, as well as individuals, are amenable, and unless privileged by the special act of incorporation, the respondent would be chargeable with the offense defined in the section and chapter of the R. S. quoted. The test of its rights and privileges is the statute conferring them.

The alleged insufficiency of the indictment is that it fails to show that the dam was not erected and maintained in accordance with the rights and privileges granting it.

It is an elementary rule of pleading that every material fact essential to the commission of a criminal offense must be distinctly alleged in the indictment. *Williams* v. *The People,* 101 Ill. 385; *State* v. *Paul,* 69 Maine, 215; *State* v. *Chapman,* 68 Maine, 477; *State* v. *Bushey,* 84 Maine, 459.

Ordinarily it is not necessary to make negative averments unless the clause defining the crime contains exceptions. Bishop New Criminal Procedure, par. 631.

While the statute quoted has in its terms no exception or limitation exempting the respondent from its effect, the law creating the corporation gave it authority to do what the indictment alleges it has done. The Act of the Legislature was. a public act, and the courts are bound to notice its provisions as part of the law of the land. R. S., chap. 1, § 6, par. XXVI.

So that as to the respondent, the act of incorporation modified the statute which declares such obstructions nuisances as fully as if it had been incorporated therein. The corporation if it has erected and maintained the dam in accordance with its charter is protected against indictment for nuisance even though individuals or the public have been injured. *Crittenden* v. *Wilson,* 5 Cowen, 165, 15 Am. Dec. 462; *Commonwealth* v. *Chapin,* 5 Pick. 199, 16 Am. Dec. 386.

If the acts of the respondent described in the indictment are only such as it might legally do, no law has been violated and no offense is charged in the indictment. *State* v. *Godfrey,* 24 Maine, 232, 41 Am. Dec. 382; *State* v. *Turnbull,* 78 Maine, 392.

The indictment is therefore insufficient in not alleging that the respondent corporation exceeded its charter rights and privileges. This case is substantially identical with *State* v. *Godfrey,* supra.

*Exceptions sustained,    Demurrer sustained,*