STATE OF MAINE *vs.* N. J. PRESCOTT.

York.     Opinion July 26, 1930.

*Ralph W. Hawkes*, County Attorney,
*Clement F. Robinson*, Attorney General, for the State.
*Waterhouse, Titcomb & Siddall*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ. MORRILL, A. R. J.

DUNN, J. This criminal case, in grade a misdemeanor only, was reserved in the Superior Court, the government and the defendant consenting, for decision by this Court on an agreed statement. The reservation, or report, stipulates that, if the complaint, made to the municipal court and brought forward on appeal, fails to allege the commission of an offense, a nolle prosequi shall be entered; otherwise, judgment to go for the State, sentence to be imposed below. This practice is not without precedent. R. S., Chap. 136, Sec. 27; *State* v. *Maher*, 49 Me., 569; *State* v. *Bohemier*, 96 Me., 257; *State* v. *Robb*, 100 Me., 180; *State* v. *Hahnel*, 118 Me., 452; *State* v. *Mallett*, 123 Me., 220; *State* v. *Small*, 126 Me., 235.

The defendant, a plumber, formally admits that, on one day in July, 1928, in plumbing a dwelling house in Sanford (the word, "plumbing," being inclusive of pipe for sewage, *State* v. *Hahnel*, supra), he installed other than the extra heavy cast-iron sewer pipe which a rule and regulation of the State Department of Health prescribes. Defendant also concedes, or at least does not question, the constitutional power of the Legislature, in the exercise of reserved power, to regulate plumbing by the agency of a board or department appointed for that purpose, but attacks the record on several grounds, all which converge toward the proposition that the complaint alleges no offense.

In passing, it may be remarked that the prosecution admits that, for the house where the plumbing was done, the sewer pipe was sufficient.

The State Department of Health was created, in succession to the State Board of Health, to have general supervision of the life and health of the citizens of our state; one duty being the preservation of the public health against dangerous diseases. Laws 1917, Chap. 197.

Legislation was enacted in 1919, Chapter 172, in these words:

"The state department of health shall from time to time make and publish such orders and regulations as they shall think necessary and proper for the protection of life and

health and the successful operation of the health laws of this state, which said orders and regulations shall be published in such manner as said department of health directs. In case of emergency or threatened epidemic of disease which may affect more than one city, town, or plantation, the state department of health, if it shall appear to them necessary and proper for the protection of life and health, may make such further orders and regulations as in their opinion the public exigency may require."

The State Department of Health later adopted and, in a pamphlet showing methods approved by the Department, published certain plumbing rules and regulations, hereinafter sometimes referred to as a regulation, the material provisions of which are as follows:

"ARTICLE I

"6. All plumbing hereafter installed throughout the State shall conform to the basic plumbing principles herein provided."

"ARTICLE IV

"(c) The use of standard pipe is prohibited and only extra heavy pipe shall be used which shall conform to the following minimum requirements:

"Average Weight of Cast Iron Soil Pipe, Pounds Per Length (5') Sizes 2 in. 3 in. 4 in. 5 in. 6 in. 7 in. 8 in. 10 in. 12 in. 15 in. Extra Heavy $27\frac{1}{2}$ $47\frac{1}{2}$ 65 85 100 135 170 225 270 375

(Requirement for extra heavy pipe amended to go into effect January 1, 1927.)"

A general statute, subsisting in 1919, when power to make and publish orders and regulations was conferred on the State Department of Health, affects the case at bar.

In 1911, Chap. 169 (R. S., Chap. 19, Sec. 112), the Legislature bestowed on cities and towns, wherein are either water or sewerage systems, authority to adopt ordinances establishing plumbing regulations, the regulations to require drainage of the spent water,

which is called sewage, through pipes conforming to plans of local health boards, or local inspectors.

Local boards of health and local health officers, the 1919 statute providing for the employment of the latter, are expressly subordinate to the State Department of Health. Except for the recovery of incurred penalties, the 1919 statute repealed inconsistent legislation.

The repeal of inconsistent legislation did not annul the authority of cities and towns to adopt plumbing ordinances, nor did the Legislature, by the delegation of general power to enact reasonable rules and regulations, assume to authorize the repeal of general statutes. The Legislature may not constitutionally delegate general legislative authority. *Wyeth* v. *Board of Health*, 200 Mass., 474, 481.

However, since the legislation of 1919, the plans to which the earlier statute refers must have the approval of the State Department of Health.

The complaint alleges in effect that, in plumbing the certain building in Sanford, the defendant used other than extra heavy cast-iron sewer pipe, contrary to the rules and regulations of the State Department of Health.

When an act is forbidden only in particular localities, the complaint or indictment must allege that the act was committed in such a locality. *State* v. *Turnbull*, 78 Me., 392.

In localities having either water or sewerage systems, it is for local ordinance to prescribe plumbing regulations; office of the State Department of Health, in such cases, being to approve plans. Only in localities other than those with water or sewerage systems can rules and regulations of the State Department of Health have force and effect.

According to the terms of the report, the mandate will be:

*Nolle prosequi to be entered.*