STATE OF MAINE *vs*. MRS. FRED MERRILL.

Somerset.      Opinion, July 5, 1933.

*Thomas A. Anderson,*
*Clayton E. Eames,* County Attorneys for State.
*F. Harold Dubord,* for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

PATTANGALL, C. J.   Exceptions to overruling demurrer to complaint charging violation of Sec. 39, Chap. 11, R. S. 1930 as amended by Sec. 2, Chap. 180, P. L. 1931. This section must be read in connection with that preceding it, in order to understand the questions raised by the demurrer.

Sec. 38, Chap. 11, R. S. 1930 as amended by Sec. 1, Chap. 180, P. L. 1931 reads:

"Whenever, during periods of drought, it shall appear to the governor that hunting or fishing is likely to be a menace to the forests of the state, he may by proclamation suspend the open season for hunting or fishing for such time and in such sections of the state as he may in such proclamation designate, and prohibit smoking and building fires out of doors in the woods for the same time and sections; provided, however, that such suspension of open time shall not prohibit fishing from boats or canoes on ponds, lakes, rivers or thoroughfares."

Sec 39, Chap. 11, R. S. 1930 as amended by Sec. 1, Chap. 180, P. L. 1931 reads:

"During the time which shall by such proclamation be made a close season, all provisions of law covering and relating to the close season shall be in force, and a person violating a provision of the same shall be subject to the penalty therein prescribed. Whoever, during the close season fixed by proclamation of the governor, as provided in the preceding section, enters upon the wild lands carrying or having in his possession any firearms; or who catches any fish contrary to this act or shoots any wild animal or bird for which there is no close sea-

son otherwise provided by law; or who smokes or builds fires out of doors in the woods, shall be punished by a fine of not less than ten dollars nor more than one hundred dollars and costs for each offense."

The complaint charges that "Mrs. Fred Merrill of Waterville in the County of Kennebec and State of Maine on the twenty-second day of May A.D. 1932 at the Forks Plantation, so-called, in said County of Somerset and State of Maine, did kindle a fire out of doors in the woods, said date being during the period proclaimed by the Governor when it became unlawful to kindle fires out of doors in the woods against the peace of the State and contrary to the form of the statute in such case made and provided."

The points raised by the demurrer are (1) that the complaint did not contain an allegation that the violation of law was committed "unlawfully"; (2) that the name of respondent is "Edna Merrill," not "Mrs. Fred Merrill"; (3) that the charge is for "kindling" a fire, instead of "building" a fire; (4) that the complaint failed to charge that the alleged offense was committed at a place covered by a proclamation of the governor prohibiting the building of fires out of doors in the woods; (5) that the complaint contained no allegation that the necessary proclamation had been issued on the date of the alleged offense; (6) that the revocation of such a proclamation on the date in question was not negatived; (7) that "the charge in the complaint is vague and indefinite, is not formally, fully and precisely set forth as required by law so that the respondent may know and be prepared to meet the exact charge against him."

The first objection is disposed of by *State* v. *Skolfield*, 86 Me., 149, 29 A., 922, which holds that the weight of authority is that the use of the word "unlawfully" is unnecessary where it is manifest that the statute in its general terms declares an unlawful offense.

The second objection could only be raised by plea in abatement. *State* v. *Knowlton*, 70 Me., 201; *Marston* v. *Tibbetts Mercantile Company*, 110 Me., 533, 87 A., 220.

The third objection may be answered by the suggestion that while "kindling" and "building" are not synonymous words, the

phrases "kindling a fire" and "building a fire" are equivalent. "It is not necessary that the exact words of the statute be used in an indictment or complaint, provided that equivalent words are used." *State* v. *Robbins et al*, 66 Me., 324; *State* v. *Cavalluzzi*, 113 Me., 41, 92 A., 937.

Reserving a discussion of the fourth objection, we note that the fifth is waived, that the sixth sets out a matter of defense and that the seventh is general in its terms and if maintainable must be so because some other point raised by the demurrer is sustained.

There is merit in the fourth objection. Respondent is charged with kindling a fire "out of doors, in the woods" at the Forks Plantation on May 22, 1932, which was not, in itself, an unlawful act. The statute confers upon the governor authority to prohibit such an act under certain conditions "for such time and in such sections of the state as he may designate."

The complaint does not recite that the conditions precedent to the right to issue such a proclamation existed or that it was issued at a certain date, effective for a certain time and covering certain sections of the state, or that the place where the alleged offense was committed was included in the territory designated. Without these allegations, no offense is charged.

"If the acts of the respondent described in the indictment are such as might legally be done, no law has been violated and no offense charged." *State* v. *Improvement Co.*, 97 Me., 563, 55 A., 495, 497. "When an act is forbidden in a particular locality, the indictment or complaint must allege that it was committed in such a locality." *State* v. *Turnbull*, 78 Me., 392; *State* v. *Prescott*, 129 Me., 239, 151 A., 426-427.

"It is best for the proper administration of justice that reasonable exactness and precision of statement be required of those officers of the law, selected on account of their professional skill in this behalf." *State* v. *Dodge*, 81 Me., 391, 17 A., 313, 314.

*Exceptions sustained.*
*Demurrer sustained.*