STATE OF MAINE

*vs.*

EARL ROWELL

Oxford.   Opinion, November 3, 1951.

*Shelton C. Noyes,* for State of Maine.

*Frank W. Linnell,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J.    On exceptions.   In the Superior Court the respondent was found guilty of hunting at night.   The case is before us on exceptions to the refusal of the presid-

ing justice to direct a verdict of not guilty. The only issue raised by the exceptions is whether the evidence warranted the guilty verdict. No objection to the sufficiency of the complaint has been made at any stage of the case.

On our examination of the record, however, we are forced to the conclusion that the complaint is fatally defective in that it does not allege a criminal offense. The court, therefore, lacked jurisdiction to try and sentence the respondent. The case will be remanded with instructions to quash the complaint.

The complaint upon which the respondent was convicted reads in part:

> "that—Earl Rowell of Sumner in said County, of Oxford on the *twenty-third day of November* in the year of our Lord one thousand nine hundred and fifty, at said Sumner in said County of Oxford *did hunt* and pursue *wild animals,* other than skunks and raccoons, *after one-half hour after sunset of the twenty-second day of November and one-half before sunrise of the said twenty-third day of November,* against the peace of said State, and contrary to the form of the statute in such case made and provided."

The statute creating the offense which the State sought to charge reads in part:

> "It shall be unlawful to hunt wild animals *from ½ hour after sunset until ½ hour before sunrise of the following morning,* except skunks and raccoons, as provided in Section 97. For the purposes of this section, the time shall be that which is recognized as legal in the State of Maine."
>
> *R. S., Chap. 33, Sec. 67* found in Tenth Biennial Revision of the Inland Fish and Game Laws compiled in 1949.

We have emphasized the controlling words in the complaint and statute.

There are certain fundamental rules to be kept in mind in reaching a conclusion upon the sufficiency of the complaint.

> "It is a well established principle, that if all the facts alleged in an indictment may be true, and yet constitute no offence, the indictment is insufficient. A verdict does nothing more than to verify the facts charged, and if these do not show the party guilty, he cannot be considered as having violated the law." *State* v. *Godfrey,* 24 Maine 232 at 233.

> "A defendant has a constitutional right to know the nature and the cause of the accusation from and by the record itself. The facts must be stated with certainty. The description of the criminal offense charged in the indictment must be full and complete. Every fact or circumstance which is necessary for a prima facie case must be stated. The indictment must charge a crime either under the statute or at common law. An indictment should charge a statutory offense in the words of the statute or in equivalent language. If no crime is charged, no lawful sentence can be imposed. *Smith* v. *State,* 145 Maine 313, 75 Atl. 2d., 538."

*Berger* v. *State of Maine,* 147 Me. 111, 112-13. See also *State* v. *Beckwith,* 135 Me. 423, 198 A. 739 and *State* v. *Bellmore,* 144 Me. 231, 67 A. (2nd) 531.

Turning to the necessity of the allegation of the time of the offense and of the hour when material we quote from *State* v. *Dodge,* 81 Me. 391 at 395, 17 A. 313:

> " 'Neither a complaint nor an indictment for a criminal offense is sufficient in law, unless it states the day, as well as the month and year on which the supposed offense was committed.' *State* v. *Beaton,* 79 Maine, 314.

> An act, prohibited by statute on certain particular days only, must be charged as having been committed on one of those particular days; for the time laid is a material element in the offense, and,

unless laid on a day within the statute, no offense would be charged. In the case at bar, both time and place are material elements to constitute the statute offense. *State* v. *Turnbull*, 78 Maine, 392."

We are not concerned with a formal allegation of time which need not be proved as laid. See *State* v. *Harvey*, 126 Me. 509, 140 A. 188. It is obvious that the time of day in the case at bar forms an essential part of the offense. Hunting on November twenty-third is not the offense. No one would suggest that a complaint to such effect without more would sufficiently charge hunting at night. The offense here is hunting within certain hours of the day. Accordingly no statutory offense is set forth unless the hunting is alleged to have taken place within such hours.

Does the complaint allege the period of time within which the respondent is charged with hunting to be within the hours in which hunting is prohibited by statute? The starting point of the period in the complaint is "after ½ hour after sunset" of November twenty-second. The difficulty arises from the failure to end the period at least one-half hour before sunrise on the following morning. The complaint reads "and one-half before sunrise" of November twenty-third. Certainly we cannot say that the complaint charges that the hunting occurred *before one-half hour before sunrise* or within the period running, to use the words of the statute, "until ½ hour before sunrise." We can say no more than that the period of day within which the act of hunting allegedly occurred ended on November twenty-third *sometime before sunrise.*

A charge of hunting before sunrise on a given date is not a charge of violation of the night hunting statute. It is entirely consistent with the allegations that the hunting of which the State complains took place within one-half hour before sunrise. The respondent may have committed all the acts alleged in the complaint and yet have not violated the law. The respondent was not charged with a crime.

Under the circumstances we express no opinion upon the merits of the exceptions.

The entry will be

> *Case remanded to Superior Court with complaint there to be quashed.*