### STATE of Maine

### v.

### NELSON FREIGHTWAYS, INC.

Supreme Judicial Court of Maine.

Aug. 31, 1973.

**126**

John O. Rogers, Asst. Atty. Gen., Houlton, for plaintiff.

Amicus curiae Brief filed on behalf of St. Johnsbury Trucking Co., Inc. by John N. Kelly, Portland.

George B. Barnes, Houlton, for defendant.

Before DuFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

ARCHIBALD, Justice.

This case was reported (Rule 37A, M.R. Crim.P.) on an agreed statement of facts. The purpose underlying the report was to obtain an interpretation of 29 M.R.S.A. § 2243(3) to determine if an interstate carrier properly registered in another state must obtain a Maine registration for a truck used only for purely local deliveries *out of a Maine terminal.*

Section 2243(3) provides:

"No truck, tractor or trailer *owned, leased or operated by a nonresident shall*

*be operated* under this section in transportation of merchandise or material in intrastate commerce, nor in interstate commerce unless the point of actual receipt or delivery of any merchandise or material so transported is without the State. . . ." (Emphasis supplied.)

The complaint alleges:

"That, on the 9th day of March 1970, in the Town of Houlton, County of Aroostook, and State of Maine, the above named defendant *Nelson Freightways, Inc., did allow* a certain motor vehicle, to wit, a truck, to be operated and driven upon and along a certain public way, to wit, U.S. Highway No. 2A, in said Houlton, which said vehicle was registered in the State of Connecticut and was then and there transporting freight in intrastate commerce, to wit, did then and there pick up freight in the City of Caribou, ind [sic] said State of Maine, and did then and there deliver said freight in the Town of Houlton, in said State of Maine, said vehicle not being then and there registered in the State of Maine." (Emphasis supplied.)

We note several obvious deficiencies in the complaint:

1. Nelson Freightways, Inc., is not described as a "nonresident."

2. No allegation is made that the defendant either "owned, leased or operated" the vehicle.

· 3. The gravamen of the complaint is that the defendant did *allow the truck to be operated,* while Section 2243(3) provides that "[n]o truck . . . shall be operated . . . ." There is an obvious distinction between *allowing* an unregistered operation and the operation itself, which latter act is the only conduct proscribed by the statute.[1]

---

1. In the context of the motor vehicle law the verb "operate" is synonymous with "drive." "It usually means that a person must so manipulate the machinery that the power of the motor is applied to the wheels to move the [vehicle] forward or backward." State

Despite the fact that the sufficiency of the complaint was apparently *assumed* for the purposes of the report, we must decline to interpret the statute unless the complaint drafted thereunder presents a valid vehicle for so doing. This is particularly pertinent in this case because the report authorizes this Court to order the entry of a judgment of guilt if the facts agreed upon establish the statutory violation.

The complaint before us, lacking at least three essential allegations necessary to invoke the proscriptions of Section 2243(3), is fatally defective. Such a criminal complaint cannot confer jurisdiction upon the Court and no lawful sentence can be imposed thereunder. Smith, Petr. v. State, 145 Me. 313, 75 A.2d 538 (1950); Dow v. State, 275 A.2d 815 (Me. 1971).

"The Court is firmly committed to the rule that jurisdictional questions are always open to judicial scrutiny."

Dow v. State, *supra* at 821.

In State v. Rowell, 147 Me. 131, 132, 84 A.2d 140 (1951), where it was noticed for the first time that the "night hunting" complaint was fatally defective, the Court held that it "lacked jurisdiction to try and sentence the respondent." *Rowell* is dispositive of the appeal before us.

The entry is:

Report discharged. Case remanded to the Docket of the Superior Court for appropriate action.

WEBBER, J., sat at oral argument but retired before the adoption of this opinion.

---

v. Sullivan, 146 Me. 381, 384, 82 A.2d 629, 631 (1951). That the Legislature recognized the distinction between "operation" and "allowing to be operated" is illustrated by 29 M.R.S.A. §§ 1861 and 1862, which authorize civil actions against owners of vehicles who either knowingly permit (i. e., allow) a minor to operate a motor vehicle upon a highway or permits (allows) one to operate a rented vehicle on the public ways.