STATE of Maine

v.

Floyd LINSCOTT.

Supreme Judicial Court of Maine.

April 5, 1977.

David M. Cox, Dist. Atty., Paul W. Chaiken, Harold C. Hamilton, II, Asst. Dist. Attys., Bangor, for plaintiff.

Eugene W. Ford, III, Bangor, for defendant.

Before DUFRESNE, C. J., and POME-ROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Convicted of unlawfully hunting wild animals other than raccoons between sunset on November 24, 1975, and one-half hour before sunrise the next day in violation of 12 M.R.S.A. § 2455 (Supp.1974, as amended in 1975), appellant was sentenced to three days in jail and a fine of $500. On the evidence, the trial court would have been warranted in finding beyond a reasonable doubt that appellant was hunting more than an hour after sunset on November 24.

By appropriate motions made during and after the trial, defendant attacks on two grounds the sufficiency of the complaint against him. He contends, first, that the provisions of the night hunting statute that might have once been applicable to similar facts have been repealed by implication and hence cannot form the basis for a conviction; second, that the complaint does not allege all the facts necessary for it to serve as a basis for conviction under the night hunting statute.

I

Under section 2455 of title 12 it is unlawful at any time of year to hunt wild animals except raccoons from one-half hour after sunset to one-half hour before sunrise of the following morning. Closely similar legislation has been in effect in Maine at least since 1929, when the prototype of section 2455 appeared as chapter 331, section 35, of the public laws. In 1971, the Legislature added a provision making it unlawful during the open season on deer hunting with firearms to hunt wild animals, except raccoons, from sunset to one-half hour before sunrise. The penalties provided for night hunting in open deer season are similar to those for night hunting at other times unless the offense occurs during the half-hour after sunset.

In 1961, the Legislature enacted 12 M.R.S.A. § 2465 (Supp.1974), prohibiting the use of artificial lights between one-half hour after sunset and one-half hour before sunrise "to illumine, jack, locate, attempt to locate or show up wild birds or wild animals" from September 1 to December 15. With one exception the penalties for violating that section are different from those for violating the night hunting provisions of section 2455; only when a person is convicted of hunting wild animals between sunset and half an hour after sunset during open deer season is he subject to the same penalties as are applicable under the illumination statute. The appellant argues that in any case where a person uses artificial lights to jack game between half an hour after sunset and half an hour before sunrise, the provisions of section 2465 displace those of section 2455. Quoting certain language taken from our opinion in *State v. London*, 156 Me. 123, 162 A.2d 150 (1960) and noting the different penalties provided by the two sections, appellant seeks to show that section 2455, to the extent that it would otherwise include hunting wild animals by illuminating or jacking them, must have been repealed by implication.

Even disregarding the fact that the Legislature first enacted the open-season provision of section 2455 ten years after it enacted section 2465, and reenacted all of section 2455 in amended form four years after it last amended section 2465, we do not find any repugnancy between the illumination section and the open-season provision in the application of the latter to the facts of the present case. In the first place, the use of artificial lights is in terms prohibited by section 2465 whether the user is actually hunting or not. Although the evidence in this case strongly suggested that defendant used his car headlights in a manner intended to illuminate wild animals and, if so, thereby violated section 2465, there was adequate evidence to support a determination beyond a reasonable doubt that more than an hour after sunset defendant was hunting wild animals in violation of section 2455 without any reference to his use of illumination. The complaint did not allege the use of illumination, and for charging defendant under section 2455 it

'did not have to: use of light is simply not an element of the crime of night hunting under any provision of that statute. It does not even appear from the record that the trial justice considered defendant's use of his car headlights to be some evidence that he was "hunting".

■ At least since 1929, various forms of prohibition against the use of jacklights and other artificial light have appeared in the Maine hunting laws concurrently with prohibitions against hunting at night. The two kinds of activity have been forbidden separately for nearly fifty years, with frequent amendments of the statutes regulating both. No reason suggests itself for supposing that the particular illumination statute adopted in 1961 was intended to limit the applicability of the night hunting law.

## II

■ It was not alleged in the complaint, or proved, that the hunting took place "during the open season on deer hunting with firearms," and defendant asserts, as his second ground of appeal, that the omission of that allegation renders the complaint fatally defective.

Appellant relies upon *State v. Rowell*, 147 Me. 131, 84 A.2d 140 (1951) as authority for the proposition that the complaint was insufficient to charge criminal night hunting during open deer season with firearms. Without an allegation that defendant's hunting occurred during open season for deer with firearms, the complaint did not necessarily charge a crime, appellant contends, because the possibility existed that defendant was hunting lawfully some kind of wild animal other than deer between sunset and half an hour after sunset in a place closed to deer hunting at that time.

In our view, appellant is seeking an impermissible extension of *Rowell*. There, on its very face, the complaint had carelessly alleged that the hunting occurred after the end of the proscribed night period. In the present case, in contrast to *Rowell*, the complaint cannot be found invalid by direct comparison with the pertinent legislation.

A public law provides generally for open deer season, with firearms, throughout the State, from the fifth Monday before Thanksgiving to the Saturday after Thanksgiving. 12 M.R.S.A. § 2353 (Supp. 1974). The complaint charged appellant with night hunting at a time falling within that period. The place where defendant was alleged to be hunting was not a place closed on deer by any of the special provisions of section 2353.

To judge from the complaint, the only possibility that appellant had not been hunting in open deer season would have had to rest upon the provisions of section 2353 giving the commissioner of inland fisheries and game authority to shorten or terminate the open season on deer in any area of the State under certain circumstances. There is no suggestion in this case that the commissioner had acted to close the season for the time and place where defendant was hunting. Appellant's position is reducible, in effect, to an argument that the complaint stated no certain crime because it did not allege that the commissioner had not by special action shortened or terminated the statutory open season on deer for the place and time at which the accused was alleged to have been hunting.

Though the State would have done better to include an explicit allegation that defendant's acts occurred during open season on deer hunting with firearms, we think the complaint must survive the attack made upon it. In several cases in the past few years we have held that an indictment does not fail merely because it does not negate the possibility that the accused person is a member of a class excepted from the purview of the statute defining the crime alleged. See, for example, *State v. Bunker*, 351 A.2d 841 (Me.1976). Though it is true that the present case is not squarely controlled by those holdings, the considerations that led us to those decisions should prevail here also. The appellant was fully informed of the exact nature of the charge against him. In neither preparation nor conduct of his defense could he have been surprised or discomfited as a result of the

omission of language from the complaint to the effect that his hunting had taken place during the open season on deer. The complaint was not duplicitous, and it put him in no danger of double jeopardy. If, because of unusual circumstances, the commissioner had in fact declared the deer season closed at the time or place specified in the complaint, the appellant could have moved appropriately to dismiss it on that ground.

The technical approach to the State's pleading that appellant asks us to take seems unjustifiable with respect to the complaint in the present case.

The entry is:

Appeal denied.

All Justices concurring.