STATE of Maine

v.

Deborah ROBINSON and Timothy Doherty.

Supreme Judicial Court of Maine.

July 19, 1979.

**1202**

Frank Harding, Dist. Atty., Rockland, William R. Stokes, Asst. Atty. Gen., Augusta, (orally), for plaintiff.

Strout, Payson, Pellicani, Cloutier, Hokkanen & Strong by James W. Strong, (orally), Rockland, for defendant.

Before McKUSICK, C. J., and WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

ARCHIBALD, Justice.

Timothy Doherty and Deborah Robinson were individually charged in separate complaints with criminal trespass, 17–A M.R.S.A. § 402(1)(B)[1] and with assault, 17–A M.R.S.A. § 207(1). The four charges were conjoined for purposes of a single jury trial. Deborah Robinson was convicted of both charges. The jury reported itself "deadlocked" on the assault charge against Timothy Doherty but found him guilty of criminal trespass. Each defendant appealed from the ensuing judgments of conviction.

We sustain the appeals.

The three appeals were again conjoined for purposes of oral argument before the Law Court, a single brief being filed. The only issue[2] which the appellants have asserted is that the presiding justice erred in admitting evidence which, it is claimed, was of wrongdoing "occurring subsequent to and unrelated to the activit[ies] complained of, which evidence had or tended to have a prejudicial impact on the jury verdict."

17–A M.R.S.A. § 402(1)(B) (see emphasized language, n.1) makes the proscribed conduct unlawful if the actor *has knowledge* that he is not licensed or privileged to engage therein. Neither of the complaints now before us (see n.2) alleges any knowledge on the part of the respondents that they were not licensed or privileged to remain in the Stop & Go store. An essential element of the crime of criminal trespass is not contained within the allegations of either criminal complaint. Such being the case and in accordance with well established precedent, these complaints are jurisdictionally defective. *State v. Lunney*, Me., 400 A.2d 759, 762 (1979); *State v. Nelson Freightways, Inc.*, Me., 309 A.2d 125,

---

1. § 402. Criminal trespass.

 1. A person is guilty of criminal trespass if, *knowing that he is not licensed or privileged to do so*:

 . . . . .

 B. He remains in any place in defiance of a lawful order to leave which was personally communicated to him by the owner or other authorized person . . . . .
(emphasis supplied)

2. Each complaint for criminal trespass was, in pertinent part, phrased as follows:

 That on or about the tenth day of July 1977 in the Town of Camden County of Knox and State of Maine, the above named defendant . . . did remain in a place, namely the Stop & Go, a corporation, in defiance of a lawful order to leave which was personally communicated to the said defendant . ., by . . ., manager trainee of said Stop & Go, an authorized person.

127 (1973); *Dow v. State*, Me., 275 A.2d 815, 821 (1971); *see* 17–A M.R.S.A. § 5(1).[3] The appellants' convictions for criminal trespass must be reversed and the judgments thereon vacated.[4]

Since Robinson was also convicted of assault on the basis of a valid complaint, we must consider whether prejudicial error was committed when the presiding justice allowed certain testimony to be introduced by the State.

The State's chief witness, Adrian Reed, had testified that Robinson had pulled his hair during an altercation between Reed and Doherty. Robinson admits that she did this but testified that she did so "to get them away from each other before someone got hurt." After that affray had ended and Doherty had been removed from the store by a policeman, an animated conversation took place outside the store between Robinson and the policeman. After the policeman had "quieted down" Doherty, a then unidentified male approached the policeman and Robinson. The police officer was allowed to testify that this person said "he had been in the store and he had observed the girl and Mr. Doherty start the fight." The record makes it clear that the justice below admitted that testimony simply because the statement had been made in the presence of the appellants.

**3.** § 5. Pleading and proof
 1. No person may be convicted of a crime unless each element of the crime is proved beyond a reasonable doubt.

**4.** The language "knowing that he is not licensed or privileged to do so" is also found in the burglary statute, 17–A M.R.S.A. § 401(1), and mandates that the state must, "as an independent proposition, prove beyond a reasonable doubt that the accused knew he was not 'licensed' to enter the structure." *State v. Thibeault*, Me., 402 A.2d 445, 449 (1979).

**5.** A statement is not hearsay if:

 (2) . . . The statement is offered against a party and is . . . (B) a statement of which he has manifested his adoption or belief in its truth . . . .

**6.** The State also argues that the statement objected to was admissible under Rule 803(2), M.R.Evid., as an "excited utterance." It was

The State contends that the evidence was admissible as an adoptive admission. Rule 801(d)(2)(B), M.R.Evid.[5] The fallacy in this argument is that Robinson did not acquiesce by silence or otherwise in this statement but rather vehemently insisted that the contrary was true, namely, that Mr. Reed had started the fight.

At the time this testimony was admitted, defense counsel said, "I object to that, I move that be stricken from the record." Since the specific ground for objection was apparent from the context of the testimony, it would be hypertechnical to rule that appellate scrutiny was precluded because appellant had not stated the hearsay basis of his objection and motion. M.R.Evid. 103(a)(I). *See State v. Kelley*, Me., 357 A.2d 890, 894 (1976).

Rule 801(d)(2)(B) has as its very foundation the concept of acquiescence. *See State v. Elwell*, Me., 380 A.2d 1016, 1020–21 (1977). The testimony of the police officer immediately following that objected to makes it clear beyond doubt that Robinson was rejecting the statement by the then unidentified witness. Since the burden to prove acquiescence to the statement rests upon the proponent, that burden has clearly not been met in this case. It was error to admit the statement as an adoptive admission.[6]

not offered in that context at the time of trial. The record before us is so deficient that we cannot determine whether certain preliminary facts existed to make the statement admissible under the excited utterance exception to the hearsay rule. Any comment we might have in this area would be pure dictum. For example, the officer had testified that the unidentified male "came up to me" after "I got [Doherty] quieted down." The statement then ensued. There is no evidence from which we could say that the declarant was *then* "under the stress of excitement caused by the event or condition," or whether he was simply reporting some observed fact that had taken place. It is true that subsequently Robinson and this person engaged in some mutual obscenities directed at each other. However, the test is whether the "excited utterance" was under the stress of excitement. The record here indicates that the declarant's "excitement" became manifest after he made the statement because it was then that he and Robinson became embroiled in heated argument.

**1204**

In diametric opposition was the testimony of Robinson and the store manager dealing with who was the instigator of the conflict. In determining Robinson's guilt or innocence on the assault charge, the jury was required to weigh her testimony in terms of credibility against that of Reed. We are unable to say that the police officer's quotation from the unidentified witness would not detract from the credibility which the jury might wish to give to Robinson's testimony. Thus, we are unable to conclude that the admission of this testimony was harmless.

The entries are:

Appeals sustained as to the criminal trespass charges. Judgments of guilt thereon are vacated and the cases are remanded for an order dismissing these complaints.

The appeal of Deborah Robinson on charges of assault is sustained and the judgment of guilt thereon is vacated. The assault case is remanded to the Superior Court for a new trial.

POMEROY and NICHOLS, JJ., did not sit.