**STATE of Maine**

v.

**QUINN FREIGHT LINES, INC.**

Supreme Judicial Court of Maine.

July 20, 1979.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. Bangor (orally), for plaintiff.

Wilson, Steinfeld, Murrell, Barton & Lane by Thomas P. Wilson (orally), Henry Steinfeld, Portland, for defendant.

McKUSICK, C. J., WERNICK, ARCHIBALD, GODFREY and NICHOLS, JJ., and DUFRESNE, A. R. J.

GODFREY, Justice.

Appellant Quinn Freight Lines, Inc., is a Massachusetts corporation engaged in shipping freight from points outside Maine for delivery within Maine. On August 25, 1977, appellant, by its agent, operated a truck along Interstate 95 in the Town of Hampden, Maine. The truck, registered in Massachusetts, was loaded with freight the shipment of which had originated outside Maine. The freight, none of which belonged to appellant, had been delivered to appellant's Bangor terminal via tractor-

trailer from points in Massachusetts and had been transferred at the terminal to the truck for delivery in communities near Bangor. Each shipment was accompanied by a bill of lading showing a Maine address as destination.

On a stipulation of the facts set forth above, appellant was convicted of violating 29 M.R.S.A. § 2243 (1964) as amended by P.L. 1975, ch. 745, § 12, and fined fifty dollars. The statute which the State sought to apply provides, in pertinent part, as follows:

"3. No vehicle shall be operated commercially at a site within this State or used for the transportation of persons, merchandise or materials from one point in this State to another in this State unless exempted from registration by a written reciprocity agreement . . .."

On appeal, Quinn Freight Lines challenged initially both the sufficiency of the complaint and the constitutionality of the statute. After the appeal was argued, appellant announced it was withdrawing its objection to the charging instrument. Nevertheless, we find the inadequacy of the complaint to be dispositive of the appeal.

The amended complaint charged that the defendant, on or about August 25, 1977, "being a non-resident of the State, and being the operator of a certain motor vehicle, to wit: a truck, did operate said truck upon and along a certain public way, to wit: Interstate 95 in said Hampden, said truck transporting merchandise or material in intrastate commerce, said motor vehicle not being then and there duly registered with the Secretary of State for said State of Maine as required by the Revised Statutes of Maine and acts amendatory thereto."

■ The complaint does not purport to charge appellant with operating "commercially at a site within this State" within the first provision of section 2243(3). The offense of using a vehicle for transportation "from one point in this State to another in this State" is not charged by an allegation merely of unregistered operation "upon and along a certain public highway within this State, to wit: Interstate 95 in said Hampden," for such an operation could have originated or terminated at a point not located in Maine. The two expressions are not equivalent in meaning. Nor does the allegation that the transportation was "in intrastate commerce" save the complaint. Even with that additional allegation, the complaint does not apprise the defendant adequately of the essential facts constituting the offense charged. *See State v. Lunney*, Me., 400 A.2d 759 (1979).

■ In *State v. Nelson Freightways, Inc.*, Me., 309 A.2d 125 (1973) a similar challenge was made to the predecessor of the statute here in question. That case had been reported on an agreed statement of facts for the purpose of obtaining an interpretation of the section. The Court concluded that the complaint lacked several essential allegations and could not confer jurisdiction to try the defendant. Here, as in *Nelson Freightways*, the insufficiency of the charging instrument deprives the court of jurisdiction. Such defects cannot be waived by consent of the parties, whether implied, as in Nelson Freightways, or express, as here.

The entry is:

Appeal sustained.

Judgment vacated.

Remanded for dismissal of the complaint.

POMEROY and DELAHANTY, JJ., did not sit.

DUFRESNE, A. R. J., sat by assignment.