2002 ME 94

**STATE of Maine**

v.

**Mark ANTHONY.**

Supreme Judicial Court of Maine.

Submitted on Briefs: May 30, 2002.

Decided: June 12, 2002.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., Portland, for State.

Mark Anthony, Saco, for defendant.

Panel: SAUFLEY, C.J., CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Mark Anthony appeals from a judgment of conviction of criminal trespass (Class E), 17–A M.R.S.A. § 402(1)(E) (Supp.2001), entered after trial in the District Court (Portland, *Powers, J.*). Anthony was convicted of entering the University of New England campus after having been ordered by the University not to do so. We vacate the judgment because the complaint was defective and the evidence was insufficient.

[¶ 2] The State charged Anthony with one count of criminal trespass, alleging that on or about April 25, 2001, in Portland, Anthony entered the campus of the University of New England "in defiance of a lawful order not to enter that was personally communicated to him by . . . Gloria Prokey." At trial, Gloria Prokey, a police officer, testified that, in January 1999, she served Anthony with a notice to cease harassment ordering him not to enter the University property in Biddeford or Portland. A University employee testified that on April 25, 2001, Anthony entered the Portland campus art gallery. The employee asked Anthony to sign the guest book, but he declined, saying that he was not supposed to be there. The assistant dean of students testified that Anthony, accompanied by another University employee, came to his office on the Portland campus on the same day. Anthony waited in the hallway until the assistant dean invited him into the office, where they discussed whether statements from University staff and students would assist Anthony's efforts to be allowed to return to the campus.

[¶ 3] Anthony testified that in 1994 he was a member of the gym on the Biddeford campus, and he attempted to get the University to install private showers in the men's locker room. At that time a dean told him he was not welcome on campus.

He acknowledged receipt of the 1999 cease harassment notice, but he testified that he had believed the notice was only valid for one year. In his closing statement to the court, he argued that the University was a place of public accommodation from which he could not be excluded without just cause. The court found Anthony guilty and sentenced him to thirty days in jail, all suspended, with one year of probation with a condition that he not enter the University property or have any contact with University staff or students. In its findings the court stated: "I find that the State has proven that the order was served on him back in 1999, . . . that he knew that he was not still allowed to go to the campus, either in Biddeford or Portland, that he did go to the Portland campus on April 25 knowing that he wasn't licensed or privileged to do it at that time, although he had been hoping otherwise."

[¶ 4] We must vacate Anthony's convictions for two reasons. First, the complaint is defective in that it fails to allege an element of criminal trespass, that is, that Anthony knew he was not licensed or privileged to enter the premises. The relevant portion of the criminal trespass statute provides: "A person is guilty of criminal trespass if, knowing that that person is not licensed or privileged to do so, that person . . . [e]nters any place in defiance of a lawful order not to enter that was personally communicated to that person by the owner or another authorized person . . . ." 17–A M.R.S.A. § 402(1)(E). Because the complaint fails to allege an element of the offense, the conviction must be vacated. *State v. Robinson,* 403 A.2d 1201, 1202–03 (Me.1979).

[¶ 5] Secondly, the evidence was insufficient for a conviction because the State presented no evidence at trial to prove that the not-to-enter order against Anthony was a lawful order. The portion

of the criminal trespass statute that Anthony was charged with violating requires the State to prove that he acted in defiance of a *lawful* order. We have previously stated that the term "lawful order" has independent meaning; not every order is a lawful order. *State v. Tauvar*, 461 A.2d 1065, 1067 (Me.1983). In *Tauvar* we held that "[w]ith regard to property upon which the general public is invited to enter, an order to leave the premises is lawful only when the owner has some justification for requesting removal." *Id.*[1] The State is incorrect in its assertion that Anthony had the burden to prove that the University was open to the public before the State would be required to prove that the order was justified. "Defiance of a lawful order" is an element of the offense, and the State is required to prove each element of the offense. 17–A M.R.S.A. § 32 (1983).

[¶ 6] There was no evidence as to why Anthony had been banned from the University's campuses or the circumstances under which the cease harassment order was issued. Proving a not-to-enter order lawful is not a difficult burden on the State. To prove the lawfulness of the order the State must prove either (1) the premises were not open to the public, or (2) the order was justified. As we stated in *Tauvar*, a person's misconduct may constitute the basis for a lawful order not to enter a place generally open to the public, and for private places to which the public is not invited, a mere demand not to enter is sufficient. 461 A.2d at 1067. In this case, the State simply failed to generate any evidence as to the lawfulness of the order.

The entry is:

Judgment vacated; case remanded to the District Court for an entry of judgment of acquittal.

---

1. *See also State v. Dyer*, 2001 ME 62, ¶ 8, 769 A.2d 873, 876 (noting that unlike a person invited to a public place, no reason for requesting the removal of a person from private place is required); *Holland v. Sebunya*, 2000 ME 160, ¶¶ 21, 22, 759 A.2d 205, 213 (holding, in malicious prosecution action, that defendant's order to plaintiff to leave public meeting was lawful because defendant had sufficient justification for order); *State v. Armen*, 537 A.2d 1143, 1145 (Me.1988) (stating that order to leave property open to the public is lawful only if there is justification for requesting person to leave); *State v. Chiapetta*, 513 A.2d 831, 834 (Me.1986) (applying *Tauvar* and finding defendant's disruptive behavior sufficient justification for order to leave town office).