45 So.2d 167

## GEETER v. STATE.

### 7 Div. 68.

Court of Appeals of Alabama.

March 21, 1950.

Hugh Reed, Jr., of Centre, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. T. Hardin, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant in this case, referred to in the record as a "negro boy," was arrested upon a warrant issued upon an affidavit, made by the sheriff of the county, for a violation of Title 36, Section 75, Code of Alabama 1940, which makes it unlawful to operate a motor vehicle upon any city street or other public highway without having a license tag, or plate, attached and plainly visible on both the front and rear of such motor vehicle.

It will be noted that the sole, and only, offense provided for in the foregoing statute, is the operation of a motor vehicle upon any street or other public highway *without a license tag or plate plainly visi-*

*ble on both the front and rear of such motor vehicle.*

This section is headed in the Code, "Front and rear tags required."

The defendant appeared in court without counsel, and ill advisedly plead guilty to the charge contained in the affidavit; whereupon the court imposed against him a fine of $400, and also ordered that his license to drive a motor vehicle be forfeited or suspended for six months.

After which the defendant employed counsel to represent him, and within the time allowed by law, made and entered a motion for a new trial which motion was based upon ten separate and distinct grounds.

Upon the hearing of the motion for a new trial, by consent of the Solicitor the testimony was taken down by the official court reporter and became a part of the record. The first witness who testified on the hearing of the motion for a new trial was the sheriff of the county, the prosecutor of the case, and the record shows the following direct examination of said witness:

"C. M. Garrett, testified on Direct Examination as follows, examined by Mr. Reed:

"Q. Mr. Garrett, you are Sheriff of Cherokee County, Alabama? A. Yes, sir.

"Q. And you are the man who made the arrest of Defendant Johnnie Geeter sometime on or before July 13, 1949? A. Yes, Sir.

"Q. What kind of automobile—A. 1949 Cadillac.

"Q. 1949 Cadillac; when you made the arrest of this defendant, Mr. Garrett, did he have a front license plate on the Cadillac? A. Yes.

"Q. Did he have a rear license plate? A. Yes.

"Q. And that front and rear license plate regular Alabama license plates, were they not? A. Yes.

"Q. Issued by the Department of Revenue by the Probate Judge of various counties? A. Yes.

"Q. Was it a 1949 plate? A. Yes."

The foregoing testimony was without dispute or conflict, and was a complete refutation and denial of the charge contained in the affidavit and upon which the trial was based.

The statute alleged to have been violated, as stated, charged that defendant operated the motor vehicle without having a license tag or plate attached and plainly visible on both the front and rear of the motor vehicle. The question as to whether or not the license tags or plate were improper tags or plate was not involved upon the trial of this case.

The prosecution was erroneously begun. There are other specific statutes which make it unlawful to have *improper* license tags or plate attached to motor vehicles, but this question was not involved here.

▪ Under the procedure in this State, a person accused of crime is required upon trial to answer only the specific charge contained in the accusation, whether by complaint or indictment, and none other. Brown v. State, 20 Ala.App. 39, 100 So. 616.

▪ We are not impressed by the insistence of the Attorney General to the effect that the defendant having plead guilty to the charge contained in the affidavit that this should be conclusive of this case, for the law is, a plea of guilty voluntarily made, not induced by fear, misrepresentation, persuasion, or the holding out of false hopes, or made through inadvertence or ignorance, does not preclude the defendant from complaining at an unreasonable fine, or unreasonable punishment, or unauthorized punishment. If the amount of the fine or the length of the sentence is unreasonable, or if an unauthorized sentence is imposed, the defendant may appeal from the judgment of conviction based on the plea of guilty. The plea of guilty does not consent to an unreasonable fine or unauthorized punishment. 7 Alabama Digest, Criminal Law, ⊚1026.

▪ Under the undisputed evidence the court should have promptly granted defendant's motion and should have discharged the defendant.

As the law requires we have considered the material questions presented on this appeal. This law also requires this court to render such judgment as the law demands. We therefore reverse the action of the court in its rulings on the motion for a new trial, and render judgment in favor of defendant discharging him from further custody in this proceeding.

Reversed and rendered.