People of the State of Illinois, Plaintiff-Appellee, v. Walter Collins, Defendant-Appellant.

Gen. No. 10,398.

Third District.

May 16, 1962.

Allen & Korkowski, of Rantoul, for appellant.

Wayne C. Townley, Jr., State's Attorney, McLean County, of Bloomington, for appellee.

CARROLL, J.

Defendant appeals from an order of the Circuit Court of McLean County quashing a writ of certiorari issued to a Justice of the Peace in a criminal proceeding.

On February 11, 1961, defendant was brought before a Justice of the Peace on 2 separate complaints charging him with the violation of Section 159A Chapter 38 of the Revised Statutes of Illinois. It is alleged in one of these complaints that on or about the 7th day of February, A. D., 1961, the defendant, "Did willfully and unlawfully perform a lewd or indecent act at U-Wash Laundromat 1415 South Main Street, Normal, Illinois, on February 7, 1961, at 10:45 p. m. being a public laundromat." The charge in the other complaint is that on February 8, 1961, the defendant, "Did willfully and unlawfully perform a lewd or indecent act at Manning Trailor Court, 601 Pine Street, Normal, Illinois." Upon arraignment the defendant pleaded guilty to both charges and was fined $200. On June 19, 1961, he petitioned the Circuit Court of McLean County for a writ of certiorari alleging that the judgment entered by the Justice of the Peace against the defendant was void for the reason that the complaints filed against him were not sufficiently definite and certain to inform him of the charges against him and that the Justice of the Peace before whom he was convicted did not have jurisdiction of the offense described in the complaints as a violation of Section 159A Chapter 38, Ill Rev Stats 1959. The petitioner further alleged that the judgment was not the result of negligence on his part for the reason that he was not informed of his rights until more than 20 days after rendition of the judgment when he sought the advice of counsel and that he was not able to take an appeal in the ordinary way because he did not learn of the rendition of the judgment until May 4, 1961, which was more than 20 days after the entry of the same. The writ issued and upon the return thereof the People filed its motion to quash the same alleging that the petition was not filed until more than 4 months subsequent to the entry of the judgment; that a review of the judgment was

available to him by appeal within 20-days as provided by statutes; and that the defendant may not rely on his own negligence in failing to appeal when asking for the issuance of a writ of certiorari. The Circuit Court allowed the People's motion and entered an order quashing the writ. From such order defendant prosecutes this appeal.

■ We think the basic question in this case is whether the complaints upon which defendant was prosecuted are sufficient to charge him with a criminal offense. The trial court was apparently convinced that the complaints were adequate and so indicated in its order by making the following findings:

"1. That the Complaints in the Justice of the Peace Court charged an offense under the provisions of Chapter 38 Illinois Revised Statutes Paragraph 159, and the Justice of the Peace, therefore, had complete jurisdiction of the offense charged.
"2. That a review of the judgment of the Justice of the Peace was available by way of appeal, and therefore the common law writ of certiorari does not lie in this cause."

In view of these findings and the further fact that the People concede the inadequacy of the complaints to allege a violation of Section 159A of Chapter 38, we are concerned here only with determining whether either of the two complaints charge an offense under Section 159 Chapter 38 Ill Rev Stats 1959. This section reads as follows:

"Whoever shall be guilty of open lewdness, disorderly conduct, or other notorious act of public indecency, tending to debauch the public morals, shall be fined not exceeding $200."

■ It has been repeatedly held that a charge in an indictment, information or complaint even though

231

in the language of the statutes creating the offense is not sufficiently specific and definite unless the statute in creating the offense particularly defines the act constituting such offense. People v. Chiafreddo, 381 Ill 214, 44 NE2d 888; People v. Barnes, 314 Ill 140, 145 NE 391.

Here the statute creating the offense does not describe the act or acts which comprise it. In People v. Lee, 334 Ill App 158, 78 NE2d 822, this court considered the requirements which must be met in drafting a complaint under such statute. In that case the complaint charged the defendant "unlawfully did then and there conduct himself in a disorderly manner by making improper advances toward one Mildred Cline upon a public place of the City of Decatur." We there held that a complaint charging an offense under Section 159 must allege the acts constituting the offense and that the allegation in the complaint that the defendant, "made improper advances toward" did not sufficiently describe the acts complained of and that the complaint failed to inform the defendant of the nature of the charge against him. The same conclusion was reached in People v. Carpenter, 207 Ill App 588.

In the case at bar, the complaints merely allege that the defendant did willfully and unlawfully perform a lewd or indecent act. They not only fail to contain any description of the acts alleged to constitute a violation of the statute, but also fail to allege that the conduct charged tends "to debauch the public morals." Accordingly we are of the opinion that the complaints were insufficient to charge defendant with a criminal offense.

The People take the position that the defendant having failed to perfect an appeal from the judgment of the Justice of the Peace within the time allowed by law, certiorari does not lie in this case.

█ █ It has been held that where a proceeding before a Justice of the Peace was a nullity for lack of jurisdiction the question of jurisdiction can be properly raised by certiorari from the Circuit Court, the time for appeal having expired. Slansek v. Slovene Nat. Society, 279 Ill App 204. Since we are convinced that the judgment is void the remaining question is whether the petition meets the further requirements of Section 187 Chapter 79, Ill Rev Stats by showing that the judgment was not the result of plaintiff's negligence and that it was not in his power to take an appeal within 20 days after the judgment was entered.

█ █ In considering the motion to quash, the allegations of fact in the petition must be taken to be true. The petitioner alleges that he did not learn of his rights until after the time for appeal did expire. In view of the fact that the judgment of the Justice of the Peace was admittedly a nullity we think defendant's allegation that he remained ignorant of such fact until the statutory time for appeal had run represents a sufficient explanation of his failure to perfect an appeal in the ordinary way. The defendant was not merely in the position of a party claiming the judgment to be erroneous or unjust. The basis upon which he petitioned for certiorari was that knowledge of the fact that the judgment against him was void came to him only after he had consulted counsel which was too late for an appeal. Defendant had the right to be tried upon a complaint in which the acts complained of were specifically set forth. His petition alleges ignorance of such right until long after the time for an appeal had run. Under such circumstances, justice would seem to require that plaintiff have relief by way of certiorari.

█ There is no merit in the People's contention that the defendant by failing to file a motion to

quash the complaints or to ask for a Bill of Particulars and pleading guilty waived any objection to the form of the complaints. A court's jurisdiction is not determined by the plea which a person charged with a crime may interpose. People v. Fisher, 340 Ill 250, 172 NE 722. Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction and a usurpation thereof is a nullity. It is the rule in criminal pleading that if an indictment or information is void the error can be reached on appeal even though there has been a plea of guilty. Klawanski v. People, 218 Ill 481, 75 NE 1028. Here the complaints did not charge a crime and consequently the judgments are void. They could not be validated by waiver or consent.

The order of the Circuit Court quashing the writ of certiorari is reversed. The complaints being wholly insufficient to charge an offense under the statute, the cause will not be remanded.

Reversed.

ROETH, P. J. and REYNOLDS, J., concur.