STATE OF MAINE
*vs.*
MYRON A. MILLETT, JR.

Cumberland.   Opinion, October 16, 1964.

*Franklin F. Stearns, Jr., County Attorney,* for State.

*Robert A. Wilson,*
*Henry Steinfield,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

SULLIVAN, J. Defendant was by indictment accused of having been a felon possessed of a firearm. R. S., c. 144, §§ 12-A through 12-C; P. L.; 1955, c. 310. He pleaded not guilty, was tried by a jury and was adjudged guilty. He filed a motion for a new trial. R. S., c. 106, § 14, as amended, § 15. His motion was denied and he appeals. R. S., c. 148, § 30.

The statutory offense is stated as follows:

Sec. 12-A. "It shall be unlawful for any person who has been convicted of a felony under the laws of the United States or of the State of Maine, or of any other state, to have in his possession any pistol, revolver or any other firearm capable of being concealed upon the person. Anyone violating any of the provisions of sections 12-A to 12-C, inclusive, shall be guilty of a felony, and upon conviction thereof, shall be punished - - - -

Sec. 12-B. "The following words and phrases when used in sections 12-A to 12-C, inclusive, are defined as follows:

'Pistol,' 'revolver' and 'firearm' mean a weapon capable of being concealed upon the person and shall include all firearms having a barrel of less than 12 inches in length.

Sec. 12-C. "The penal provisions of section 12-A shall not apply to any person commissioned as a peace officer, employed as a guard or watchman nor to any person who has not been convicted of a penal offense during the 5-year period next immediately following his discharge or release from prison." R. S., c. 144; P. L., 1955, c. 310.

The indictment is worded as follows:

" - - - - that Myron A. Millett, Jr., - - - - on the twenty-fifth day of October in the year of our Lord one thousand nine hundred and sixty three, at Portland, - - - - did have in his possession, a certain Colt Buntline 22 Magnum Revolver, said Colt

Buntline 22 Magnum Revolver being concealed about his person and said Colt Buntline 22 Magnum revolver having a barrel of less than twelve inches in length; said Myron A. Millett, Jr. having been convicted of a felony, to wit, Breaking, Entering and Larceny in the Night Time; to which said charge the said Myron A. Millett, Jr. entered a plea of Guilty and was sentenced on said charge under date of October 30, 1962 to the Maine State Prison at Thomaston, - - - - - by the Honorable - - - - Justice of the Superior Court for the county of Cumberland - - - - sitting at Portland - - - - and said criminal offense having been committed within a five year period following his release, upon parole, under date of August 7, 1963; - - - - "

Defendant's motion for a new trial asserts that the adverse verdict was against the law, unmindful of the judicial instruction to the jury and contrary to the evidence.

Defendant challenges the validity of the indictment with the contention that a conviction under R. S., c. 144, §§ 12-A, B, C necessitates allegation and requisite proof of 4 elements:

"(a) prior conviction for a felony

(b) date of discharge or release of the convict from prison after serving time for felony.

(c) conviction for a penal offense during 5 year term following that discharge or release from prison and

(d) conscious possession of the type of firearm prohibited by the Statute."

R. S., c. 144, §§ 12-A, B, C cause to be and render felonious the possession by any of a class of convicted felons, of a pistol, revolver or firearm capable of being concealed upon the person. Section 12-C demarcates that delimited class of felons as follows:

"The penal provisions of section 12-A shall not apply - - - - to any person who has not been *convicted* of a penal offense during the 5 year period next immediately *following* his discharge or release from prison." (Italics ours.)

The indictment in the instant case does not allege that following and subsequent to his parole from prison on August 7, 1963 and prior to the indictment this defendant had been *"convicted"* of any penal offense. Therefore the provisions of section 12-A of R. S., c. 144 could not have applied to the defendant at the time of his indictment and trial. Obviously defendant had never been *"convicted"* of possession of the Colt pistol before his indictment and trial in this case.

No evidence was presented or received at the trial to prove that from his parole on August 7, 1963 to the time of indictment defendant had been convicted of any penal offense.

The defendant was unmistakably tried and convicted of a violation of a criminal statute which by its very terms did not apply to him but expressly immunized him.

We are ascertaining here not what the Legislature may have meant by what it said but rather are deciding what that which the Legislature said means.

"In construing a statute the great purpose is to ascertain the intention of the legislature. That intention must be ascertained from the language used; for, if the legislature had in view a certain purpose to be accomplished, but failed to use language which, giving to it any recognized meaning, fails to express such purpose, the court cannot supply it."
*State* v. *Howard*, 72 Me. 459, 464.

We construe in this case a penal statute declaring an act to be a felony. Such a law

" - - - - calls for a more strict construction than one which declares an act to be a misdemeanor."
*State* v. *Blaisdell,* 118 Me. 13, 14.
*Smith* v. *State,* 145 Me. 313, 327.

As to the indictment in the case at bar it was said in *State* v. *Doran,* 99 Me. 329, 332:

" - - - - Indeed it is an elementary rule of criminal pleading that every fact or circumstance which is a necessary ingredient in a prima facie case of guilt must be set out in the indictment."

The deficiency in the indictment and in the evidentiary proof at trial was seemingly and belatedly protested and pressed in this court on appeal. Such a practice has not been regarded as conventional in support of a motion for a new trial. Nevertheless the errors disclosed here are so grave and vitiating as to enlist our corrective administration and to require the setting aside of the verdict and consequent judgment.

" - - - - this Court has in certain cases reviewed questions of law both on a motion for a new trial and on appeal, even though exceptions were not taken - - - - "
*State* v. *Smith,* 140 Me. 255, 285.

" - - - - We are here concerned with a verdict based on a misconception of the law and responsive only to a measure of criminal guilt foreign to the indictment and unknown to the law. Such a verdict is against the law, and to allow it to stand is not justice. - - - - "
*State* v. *Wright,* 128 Me. 404, 407.

The mandate must be:

*Appeal sustained:*

*Verdict and judgment set aside.*