## SHEFTON v. WARDEN OF MARYLAND PENITENTIARY

[App. No. 97, September Term, 1964.]

*Decided July 6, 1965.*

Before the entire Court.

PER CURIAM.

In a second application for leave to appeal from a denial of post conviction relief, Izell Shefton, who pled guilty to four armed robberies, contends that he was not advised that he could appeal from his conviction and that the failure of his court-appointed counsel to so advise him was proof of his incompetence.

The application could have been dismissed because the matters therein presented were not raised in the first application which was denied in *Shefton v. Warden,* 234 Md. 627. However, even though this application was his second and the applicant has assigned no reason for making it other than that he was unaware of his right to appeal when he made the first application, the hearing judge nevertheless went on to consider the present contention and found that the applicant had voluntarily and knowingly acquiesced in the pleas of guilty entered on his behalf by counsel. This being so there was no basis for an appeal in any event.

On the basis of the decision in *Duckett v. Warden,* 230 Md. 621, in which it was said that the mere failure to inform a person of his right to appeal did not constitute a denial of due process and hence did not afford a basis for post conviction relief, as well as for the reasons stated in the opinion filed by Judge Grady in the lower court, the second application of the applicant for leave to appeal from the order denying him post conviction relief is hereby denied.

*Application denied.*