**The People of the State of Illinois, Plaintiff-Appellee, v. James I. McClain, Defendant-Appellant.**

**Gen. No. 66–27.**

Third District.

January 25, 1967.

Richard J. Neagle, of Galesburg, for appellant.

Donald C. Woolsey, State's Attorney, of Galesburg, for appellee.

ALLOY, J.

This cause originated through an indictment returned by the Grand Jury of Knox County for armed robbery on

September 24, 1963. The indictment specifically alleged that defendant with codefendants "by force and intimidation because they were armed with loaded pistols and threatened to use them against Jerry King, unlawfully and feloniously took some gasoline and $5.00 cash from the said Jerry King." On the back of the indictment there was a caption "Indictment for Robbery" and it was there endorsed by the Grand Jury foreman as a true bill. There is no showing of the reason for the discrepancy between the allegations of the indictment which charged an armed robbery and the recital on the back of the indictment which simply stated "Indictment for Robbery."

Thereafter, on motion of defendant his arraignment was continued a number of times for reasons which do not clearly appear (involving the failure of his attorney or bondsman to locate him), the disposition of the cause was further delayed and counsel for defendant withdrew. On March 6, 1964, the record shows defendant was produced in custody and was thereupon admonished by the court as to his rights and the consequences of a plea of guilty to the crime of armed robbery. He waived counsel and pleaded guilty to the crime of armed robbery. The court addressed him specifically and stated "Mr. McClain, in the Indictment on file in this case you were charged with the crime of armed robbery. That is robbery with an armed weapon. It was on the 23rd day of May, 1963, against a Jerry King." Defendant replied "Guilty, sir." The court then stated that it was the judgment of the court on his plea of guilty that he was guilty of armed robbery in the manner and form as charged in the indictment. He was thereafter sentenced by the court to an indeterminate term of not less than one year and specifically not less than five years nor more than eight years.

In this court, defendant contends that the indictment charges him with the offense of robbery and that he,

therefore, was not clearly and completely apprised of the crime with which he was charged and that the sentence imposed by the court was for armed robbery which was a crime greater than the crime with which he was charged.

■ Defendant rightly contends that the sufficiency of an indictment and matters of record based on the indictment are a proper subject of review on appeal, even though defendant entered a plea of guilty in the trial court (People v. Schneider, 334 Ill 630, 166 NE 529). It is noted, however, that defects of form are waived by such a defendant who pleads guilty where there is no motion to quash or in arrest of judgment (People v. Duden, 3 Ill2d 16, 20, 119 NE2d 742). The indictment referred to and subsequent records in this cause show that defendant was clearly apprised of the crime of armed robbery. Defendant had been indicted prior to the effective date of applicable provisions of the Illinois Code of Criminal Procedure which became effective on January 1, 1964. Under section 125–3(b) of the Criminal Code (c 38, § 125–3(b) of the Ill Rev Stats) the Savings Provision is to the effect that in any case pending on or after the effective date of the Code, committed prior to the date, the procedural provisions of the Code would govern insofar as they are justly applicable and their application does not introduce confusion or delay. To require that defendant be reindicted for the simple purpose of including in such indictment the citation of the criminal statute violated would be inconsistent with such provision.

■ There is no showing that defendant was in fact misled or confused by the mistake which can be characterized as a scrivener's mistake on the back of the indictment, in view of the record before us. He was clearly advised that he was charged with armed robbery orally by the court prior to receiving his plea of guilty as well

as in the body of the indictment. There is no indication that defendant was confused or dealt with unfairly (People v. Hill, 17 Ill2d 112, 119, 160 NE2d 779). The circumstance that the crime, which was charged expressly and clearly in the indictment, was not endorsed on the back of the indictment would not justify setting aside the conviction and sentence (People v. Duden, supra), nor would reversal be justified on the ground that the indictment did not contain the statutory reference to the crime charged (People v. Hill, 68 Ill App2d 369, 216 NE2d 212).

The judgment of the Circuit Court of Knox County will, therefore, be affirmed.

Affirmed.

STOUDER, P. J. and CORYN, J., concur.