■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT RUSSEL GARROW, JR., Appellant.— STALEY, JR., J. Appeal from an order of the County Court of Clinton County, entered May 23, 1967, which denied, without a hearing, a motion to vacate a judgment convicting the appellant of grand larceny in the second degree. The appellant was convicted of the crime of grand larceny in the second degree upon his plea of guilty on February 6, 1966. At the time he entered his plea of guilty, the appellant was represented by assigned counsel. On April 26, 1967 the appellant brought a motion for a writ of error *coram nobis* to have his judgment of conviction vacated on the grounds (1) that an involuntary confession had been obtained from him at a time when he was in police custody and prior to arraignment, and after he had asked for and was denied counsel; (2) that he had been denied the aid of counsel upon arraignment; and (3) that he was not advised of his right to appeal by his assigned counsel. The appellant's motion was denied without a hearing on May 23, 1967. When defendant, being represented by counsel, entered a plea of guilty he waived the first two contentions now urged. (*People v. Nicholson,* 11 N Y 2d 1067, cert. den. 371 U. S. 929; *People v. Rogers,* 15 N Y 2d 690; *People v. Griffin,* 16 N Y 2d .508.) In each of these cases the same grounds for relief were asserted as are asserted by the appellant except for the allegation by the appellant that he was not advised of his right to appeal. A right of appeal exists from a judgment of conviction rendered on a plea of guilty. (Code Crim. Pro., § 517; *People v. Nixon,* 21 N Y 2d 338.) Counsel assigned by the court to defend an accused is under a duty in case of conviction to advise his client of his right to appeal, and file timely notice of appeal if requested to do so. The failure of assigned counsel to fulfill a promise to serve and file a notice of appeal has been held to provide a basis for *coram nobis* relief. (*People v. Barsey,* 21 A D 2d 828; *People v. Stewart,* 26 A D 2d 842.) The failure of assigned counsel to perform his duty and advise his client of his right to appeal stands on the same footing. In either case the defendant is wrongfully prevented from taking and perfecting an appeal from a criminal conviction, and is entitled to relief. The appellant's allegations that his attorney failed to advise him of his right to appeal, the time limitations involved in the matter of instituting an appeal and of obtaining a transcript of the testimony are neither denied by the respondent nor discussed in the respondent's brief. There is present a sufficient issue of fact to require a hearing. (*People v. Hairston,* 10 N Y 2d 92; *People v. Adams,* 12 N Y 2d 417; *People v. Lampkins,* 21 N Y 2d 138; *People v. Stewart, supra; People ex rel. Williams v. McMann,* 28 A D 2d 1039.) Order reversed, on the law, and proceedings remitted to the County Court of Clinton County for the purpose of holding a hearing limited to the question of whether the defendant's failure to serve and file a timely notice of appeal was attributable to the failure of his assigned counsel to advise him of his right to appeal. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Staley, Jr., J.