STATE of Maine

v.

Catherine RUSSO.

Supreme Judicial Court of Maine.

Dec. 23, 1969.

Alexander MacNichol, Asst. County Atty., Portland, for plaintiff.

Franklin F. Stearns, Jr., Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE and WEATHERBEE, JJ.

WEBBER, Justice.

Appellant received an indeterminate sentence to the Women's Correctional Center and was placed on probation by the Superior Court for a term of one year.

The conditions of probation were in standard form, no special conditions having been imposed. The conditions applicable here were stated as follows:

"You are to obey all laws of this State * * *. You are not to associate with any person or persons *known to you* as immoral, or criminally inclined, or convicted of crime, and especially with persons on probation or parole. You are at all times to maintain good behavior * * *. You must * * * *abstain from the use of intoxicants.* You are not to leave the State of Maine unless * * * permitted * * *." (Emphasis ours)

On January 17, 1968 the Probation-Parole Officer filed a Motion for Revocation of Probation in which the grounds for revocation were stated in these terms:

"The said Board alleges that there is reasonable belief that said Catherine E. Russo has violated the conditions of probation as follows: Subject left Portland without notifying Probation Officer sometime between January 13 and January 15 and went to Waterville and Skowhegan where she purchased beer for a parolee from the Women's Correctional Center, one Paula Neptune."

Upon order of Court, appellant was taken into custody and brought before the Court for hearing. Appellant was afforded the services of Court appointed counsel. Hearing was had and probation was revoked.

An appeal was filed and execution of sentence was stayed pending appeal.

With respect to the charges lodged against appellant, it must first be noted that there was no condition imposed which either precluded the probationer from traveling within the State of Maine or required notice to or permission of the Probation Officer before undertaking such travel. No evidence was offered in support of the allegation that the probationer "purchased beer for a parolee from the Women's Correctional Center, one Paula Neptune."

The evidence adduced would support findings that a member of the staff of the Center, sent from Skowhegan to Waterville at a late hour in the evening, found the probationer and one Paula Neptune in custody at the police station; that the reason for that custody is not disclosed; that the staff member returned Paula Neptune to the Center; that at the probationer's request, she was permitted to accompany them; and that on arrival at the Center it was "obvious" to the supervisor having direct responsibility for Paula Neptune that both young women had consumed intoxicating liquor. Although they admitted to the supervisor that they had "hitchhiked to Waterville," the evidence does not inform us where they met, whether at the Center or in downtown Skowhegan or elsewhere, or where they "hitchhiked" from. More importantly, the evidence fails to disclose whether or not the probationer had known Paula Neptune before this incident, or what if anything she knew about Paula Neptune's status as an inmate of the Center. In fact, the evidence is silent as to the reason for Paula Neptune's detention at the Center. We are left therefore with the probationer's "use of intoxicants" as the only proven violation of a condition of her probation. There was, however, no charge of violation with respect to the "use of intoxicants."

These facts squarely present the issue, of first impression in this jurisdiction, as to whether or not probation may properly be revoked where the charges of violations of conditions are not proved but there is proof of violations not charged.

Except when a revocation of probation is accompanied by imposition of sentence (cf. Mempa v. Rhay, 1967, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336), it is generally held that constitutional requirements have no application. State v. Oliver (Me.1968) 247 A.2d 122; Escoe v. Zerbst (1935) 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566; State v. Allen (Me.1967) 235 A.2d 529. The rights which the probationer may have with respect to notice and hearing are derived exclusively from the wording of applicable statutes dealing with revocation.

34 M.R.S.A., Sec. 1632 as amended provides in part:

"* * * Each probation-parole officer has authority to arrest *and charge a probationer with violation of probation* * * *." (Emphasis supplied)

Sec. 1633 as amended includes the following:

"When the * * * Board *charges* a probationer with violation of a condition of his probation the board shall forthwith report the *alleged violation* to the court * * * which may order the probationer returned. *After hearing,* the court * * * may revoke the probation and * * * may order the probationer to serve the original sentence * * * or may order the probation continued if it appears just to do so." (Emphasis supplied)

The statutes clearly contemplate the making of a "charge" or charges of violation and that the violations shall be "alleged" as a preliminary to "hearing" thereon. Courts in other states having statutes resembling our own have generally concluded that the probationer is entitled thereunder to notice of the charges of claimed violation of conditions. People v. Rudnik (1952) 333 Mich. 216, 52 N.W.2d 671; Arney v. State (1953) 195 Tenn. 57,

256 S.W.2d 706; State v. Edelblute (1967) 91 Idaho 469, 424 P.2d 739; State ex rel. Halverson v. Young (1967) 278 Minn. 381, 154 N.W.2d 699; see State v. Nelson (1966) 196 Kan. 592, 412 P.2d 1018, 1020.

We do not suggest that the charges must be stated with great particularity or in conformity with the strict requirements of technical pleading. In our view the statutes require only that probationer be informed before hearing as to the acts or conduct claimed by the State to have violated the general and special conditions of probation. The State may not, however, compel the probationer to defend against other charges of which no notice has been given.

In the instant case the Justice below in announcing his decision at the close of the hearing characterized the charges as "inadequately drawn." We go further and hold that that inadequacy constituted legal insufficiency to ground an order of revocation. We cannot equate the unproven allegation that probationer "purchased beer for a parolee" with a charge that the probationer failed to "abstain from the use of intoxicants," the latter being the only charge which the evidence would have supported. Although the practical result might in the end be the same, we are satisfied that in such a case the motion for revocation should have been amended and a reasonable opportunity afforded to the probationer to prepare her defense to the added charge. Since revocation proceedings do not involve double jeopardy, further proceedings should be upon a new or amended motion.

It should be noted that the statutes above considered relating to the judicial revocation of probation are worded differently from and are somewhat more exacting than the statutes relating to administrative revocation of parole. The latter were carefully considered and construed in Mottram v. State (Me.1967) 232 A.2d 809. Noting that Utah recognized different require-

ments as between judicial revocation of probation and administrative revocation of parole, the Court in McCoy v. Harris (1945) 108 Utah 407, 160 P.2d 721, 723 carefully explained and justified that difference. Although we rest the distinction between probation and parole procedures primarily upon the wording of our applicable statutes, we find further support for our holding in the emphasis placed by the Utah Court on the difference between judicial and administrative process.

We conclude that the revocation of probation in the instant case must be deemed to be erroneous.

Appeal sustained.

Remanded to the Superior Court for further proceedings not inconsistent with this opinion.

POMEROY, J., did not sit.