**Raymond E. DOW**

**v.**

**STATE of Maine and Allan L. Robbins.**

Supreme Judicial Court of Maine.

April 6, 1971.

Mitchell & Ballou by John W. Ballou, Bangor, for plaintiff.

Garth K. Chandler, Asst. Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEBBER and POMEROY, JJ.

DUFRESNE, Chief Justice.

Petitioner, Raymond E. Dow, instituted in the Superior Court under 14 M.R.S.A. § 5502 a petition for the writ of habeas corpus seeking his release from Maine State Prison. The petition as amended and the writ were denied by a single Justice from whose decision petitioner has appealed to this Court. We find no error.

Represented by counsel of his own choice, petitioner was convicted on his plea of guilty to an indictment charging him with the crime of breaking, entering and larceny in the nighttime, and on February 9, 1967 was sentenced to a term in Maine State Prison of not less than 2 years and not more than 5 years; execution of the sentence, however, was suspended for the period of 2 years and Dow was placed on probation and committed to the custody and control of the State Probation and Parole Board. On December 11, 1967 the Board charged the petitioner with violation of the conditions of his probation reporting to the Superior Court 1) that Dow on October 12, 1967 had been convicted in the Hancock County Superior Court of concealing merchandise while in a store and 2) that he had been consorting with a named female, a person other than his wife. After hearing at which the petitioner was represented by retained counsel, revocation of probation ensued and Dow was ordered committed in execution of his sentence.

Petitioner in his points on appeal raises the legal sufficiency of the indict-

ment to which he pleaded guilty and which reads as follows:

"On or about the seventeenth day of November, 1966, in the County of Penobscot, State of Maine, RAYMOND E. DOW in the night time of said day, did break and enter a certain building in which valuable things were taken and then and there kept, to wit, the warehouse of Brewer Junk Co., a corporation duly organized and existing by law and having an established place of business at 35 Spring Street, in Brewer, said County of Penobscot, State of Maine, and therein did, with intent to permanently deprive said Brewer Junk Co. of its property, steal, take and carry away, Three Hundred (300) pounds of junk copper wire, each pound of the value of fifty cents, all of the aggregate value of One Hundred and Fifty ($150.00) Dollars, the property of said Brewer Junk Co."

The indictment follows Form 11 (Maine Practice, Glassman, at page 454) which the Supreme Judicial Court has approved in Rule 58 M.R.Crim.P. It sufficiently charges the crime of breaking, entering and larceny in the nighttime under 17 M. R.S.A. § 2103 and petitioner's assertion to the contrary is frivolous.

Petitioner in his statement of points on appeal further contends, and he argued the same orally and in his brief, that he was denied his constitutional rights of effective assistance of counsel under Art. I, § 6 of the Constitution of Maine and the Sixth Amendment to the Constitution of the United States obligatory on the States through the Fourteenth Amendment. Specifically he claims inadequacy of counsel representation amounting to constitutional deprivation of right, in that his attorney at the trial level did not advise him of his right to appeal the judgment of conviction entered upon his plea of guilty, nor did his attorney advise him of his right of appeal from the court order revoking his probation.

Focusing our attention upon the first stated reason underlying petitioner's claim of constitutional deprivation of counsel representation because trial counsel failed to advise him of his right to appeal from the conviction ensuing upon his plea of guilty, we must decide preliminarily whether Maine law authorizes appellate review of a conviction based upon a plea of guilty. If no such review is legally possible, then there is no duty upon counsel, retained or appointed, to advise an accused respecting such a right and no resultant liability to a charge of incompetency for failure to do so.

We are mindful of this Court's statement in State v. Mower, 1969, Me., 254 A. 2d 604, that a trial court is not required to usurp the responsibilities of employed counsel by advising a defendant concerning his right of appeal and that a defendant who is represented by attorney of his own choosing cannot successfully assert a denial of due process because *after trial* he is not given the additional protection prescribed by Rule 37(c), M.R.Crim.P. which requires the court specifically to advise a defendant with court-appointed counsel of his right of appeal. In the instant case, there was no trial, counsel was not court-appointed and Rule 37(c) was not applicable.

In the post-conviction proceedings the petitioner testified without contradiction that he had no discussion with his trial counsel about the possibility of appealing his conviction. He did say that prior to entering his plea of guilty he advised his attorney that, since he was apprehended on the premises, he was obviously guilty, adding: "I just figured I was guilty and that was maybe what plea we'd have to enter." On cross-examination he further stated that "we decided to throw ourselves on the mercy of the Court." From this evidence the single Justice below found, and properly so, that petitioner's plea of guilty was "knowingly, understandingly and voluntarily made," a finding which is not disputed in these proceedings on appeal.

Thus, petitioner concedes that his plea of guilty was voluntarily and intelligently entered with advice of counsel, but rests his case upon the bald proposition that he was entitled in any event to be apprised of his right to appeal his conviction notwithstanding his plea of guilty and that his lawyer's failure to do so amounted to counsel incompetency of constitutional dimension sufficient to support habeas corpus relief from present imprisonment.

As a general rule a judgment of conviction entered on a plea of guilty or nolo contendere is not ordinarily reviewable on appeal if the plea was made freely and voluntarily with full understanding of its nature and effect. The rationale underlying the rule rests on the fact that a voluntary and intelligent plea of guilty by an accused is a self-supplied conviction precluding trial of the issue of guilt or innocence and authorizing in and of itself the imposition of the punishment fixed by law. It is an efficient waiver of all defenses other than those jurisdictional in nature. As stated by the Virginia Court in Peyton v. King, 1969, 210 Va. 194, 169 S.E.2d 569:

"Where a conviction is rendered upon such a plea and the punishment fixed by law is in fact imposed in a proceeding free of jurisdictional defect, there is nothing to appeal. To take any other view would give recognition to an empty right and permit frivolous appeals for the mere sake of delay."

Such a judgment entered on the plea of guilty is not appealable on the merits. Stephens v. Toomey, 1959, 51 Cal.2d 864, 338 P.2d 182; Cohen v. State, 1964, 235 Md. 62, 200 A.2d 368.

But by the great weight of authority an appeal will lie from a judgment of conviction entered upon a plea of guilty or nolo contendere for fundamental constitutional deficiencies nullifying the plea, including a claim of denial of counsel representation or that a waiver of constitutional rights was not made knowingly and understandingly. See, People v. Navarro, 1966, 243

Cal.App.2d 755, 52 Cal.Rptr. 686; Duvall v. State, 1968, 5 Md.App. 484, 248 A.2d 401; Commonwealth v. Sapp, 1968, 428 Pa. 377, 238 A.2d 208; State v. Saylors, 1966, 70 Wash.2d 7, 422 P.2d 477. Non-compliance with the standards of our Rule 11, M.R.Crim.P., as mandated by McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, has been viewed by the Iowa Court as such fundamental constitutional irregularity subject to direct appellate review, notwithstanding the judgment of conviction followed a guilty plea. State v. Sisco, 1969, Iowa, 169 N.W.2d 542.

In some states a right of appeal exists from a judgment of conviction rendered on a plea of guilty as a matter of right. See, People v. Garrow, 1968, 30 A.D.2d 618, 290 N.Y.S.2d 694; Ramey v. State, 1967, Fla. App., 199 So.2d 104.

Appellate review in Maine is strictly statutory as the common law provided no appeal. State v. Bey, 1965, 161 Me. 23, 206 A.2d 413; Sears, Roebuck & Co. v. Portland et al., 1949, 144 Me. 250, 68 A.2d 12. The right of review by the Law Court is not a constitutional one and must, as a matter of jurisdictional concern, rest upon enabling legislation empowering the Court to act. Sears, Roebuck & Co. v. Portland et al., supra.

At the time of Dow's conviction, the pertinent statute on appeal was 15 M.R.S.A. § 2115, which reads as follows:

"In any criminal case in the Superior Court any defendant aggrieved by a judgment, ruling or order may appeal therefrom to the law court within 10 days or such further time as may be granted by the court pursuant to a rule of court."

This statute became effective on December 1, 1965 as part and parcel of the change-over to the new rules of criminal procedure which took effect simultaneous-

ly. Rule 37(a), M.R.Crim.P. reads in pertinent part as follows:

"Whenever a judgment of the Superior Court is by law reviewable by the Law Court, such review shall be by appeal in accordance with these rules. Review by exception, motion, writ of error, or otherwise than by appeal is abolished."

As pointed out by Professor Glassman in his book on Maine Practice, Rules of Criminal Procedure, § 37.1 at page 311: "A single form of appellate review is provided, namely appeal. All other methods of appellate review are specifically abolished by Rule 37(a)."

Prior to the 1965 amendment of 15 M. R.S.A. §§ 2115 (appeal) and 2117 (exceptions), direct review of criminal cases by the Law Court was by exceptions and, in felony cases, by appeal from the denial of a motion for a new trial seasonably addressed to the presiding justice. State v. Hale, 1961, 157 Me. 361, 362, 172 A.2d 631. These two distinct methods of appellate review were available to test the sufficiency of the evidence to support a jury verdict but under different circumstances. They were not interchangeable. A bill of exceptions lay where the trial justice refused to direct a verdict for the defendant upon motion for that purpose. State v. Bobb, 1942, 138 Me. 242, 25 A.2d 229. On the other hand, the denial of a motion for a new trial after verdict could not be the basis for review on exceptions. State v. Kennison, 1932, 131 Me. 494, 160 A. 201. But such refusal of a motion for new trial after verdict was properly before the Court on appeal. State v. Bobb, supra. In either case, the motion for a directed verdict (in cases of exceptions) or the motion for a new trial (in appeals) was a necessary preliminary jurisdictional requirement upon which to rest the right to appellate review under the statute. State v. Bey, supra. Thus, the pre-rules statutory appeal and bill of exceptions, so far as the issue of guilt or innocence is concerned, were confined strictly to jury verdicts and were not applicable to cases where guilt was confessed by plea of guilty.

It is true that bills of exceptions were made available in criminal cases to review rulings and decisions of the presiding justice in matters of law as of right from the early beginnings of our State. See, State v. Dresser, 1866, 54 Me. 569. But, as in the case of exceptions to the court's ruling on a motion for a directed verdict, the exceptant had to reserve his exception to the legality of the particular ruling or decision which he wanted reviewed. See, State v. Bey, supra. In the instant case, the petitioner raised no objection before the trial court respecting his plea of guilty. He filed no motion under Rule 32(d), M.R. Crim.P., to withdraw his plea. If he had and the court's determination thereof had been adverse to him, then such action would have provided him with that necessary preliminary ruling, order or decision reviewable by exceptions under the former criminal procedures and by appeal under the new rules.

Our statutory post-conviction habeas corpus proceeding, 14 M.R.S.A. §§ 5502–5508, providing as it does a collateral attack on criminal convictions, with the new rules of criminal procedure and 15 M.R.S.A. § 2115 effective December 1, 1965, supplied persons accused of crime with a full and comprehensive review process covering all possible errors surrounding criminal prosecutions.

Therefore, we may conclude that judgments of the Superior Court based on jury verdicts after trial, formerly reviewable by exceptions or by appeal, were subsequent to December 1, 1965 reviewable by the Law Court through the vehicle of appeal only. We note, however, that 15 M.R.S.A. § 2115 did broaden the scope of appellate review of denials of motions for new trial by removing the former restriction which limited such appeals to criminal cases amounting to a felony. Direct appeals, however, as previously mentioned, were not available following a plea of guilty, ex-

cept for review of a denial of withdrawal of the plea.

By express legislative mandate our post-conviction habeas corpus remedy, 14 M.R.S.A. § 5502, was on December 1, 1965 the exclusive substitute for any and all common law remedies heretofore available to challenge the validity of a conviction and sentence. By necessary implication, coupled with the repeal of legislation specifically providing collateral attack of court judgments in criminal cases, the post-conviction habeas corpus statute established a single procedural replacement for the former remedial procedures of the habeas corpus writ to test the jurisdiction of the court to convict the defendant, the writ of error to reach errors of law of record and the writ of error coram nobis to attack a criminal judgment for errors not known or not appearing of record which if known would have prevented the judgment, including deprivation of constitutional rights. See, Glassman, Maine Practice, Rules of Criminal Procedure, § 35.3. Thoresen v. State, 1968, Me., 239 A.2d 654. Higgins v. Robbins, 1970, Me., 265 A.2d 90 at 92.

As a substitute for the former writ of error, the post-conviction habeas corpus remedy is available to the person convicted for a review of claimed errors of law appearing on the face of the record, even after a plea of guilty or nolo contendere to the charge, such as to test the sufficiency of an indictment. See, Berger v. State, 1951, 147 Me. 111, 83 A.2d 571; Ex parte Mullen, 1951, 146 Me. 191, 79 A.2d 173. The same would be true, if the attack be directed at the sentence upon a claim that it was imposed without authority in law, Galeo v. State, 1911, 107 Me. 474, 78 A. 867, or, we may add, in violation of Art. 1, § 9 of the Constitution of Maine as an excessive fine or punishment of a cruel or unusual nature.

We stated in Green v. State, 1968, Me., 245 A.2d 147, our post-conviction habeas corpus "must be given such reasonable flexibility within the spirit of the statutory enactment that it may be an effective procedural vehicle for collaterally reaching all fundamental defects in the administration of criminal justice." In *Higgins*, supra, this Court decided, however, that declaratory judgment relief was jurisdictionally available in a case where post-conviction habeas corpus could have been maintained, on the ground that by express statutory direction a proceeding for declaratory judgment may be used even though the party has ready access to another remedy.

Did the petitioner, following his plea of guilty to the indictment charging him with breaking, entering and larceny, have a right of appeal from the judgment of conviction and sentence and, if he did, should his attorney have advised him of the same? Was it incompetency of counsel sufficient to vitiate the judgment and sentence, where concededly counsel did not advise the petitioner of any such right?

Fundamental constitutional deficiencies surrounding the entry of a plea of guilty to a criminal charge based on errors of fact not of record, the proof of which necessitated an evidentiary hearing, were reviewable at common law only through the writ of error coram nobis (see, Dwyer v. State, 1956, 151 Me. 382, 120 A.2d 276), and after the enactment of our post-conviction habeas corpus remedy solely through the procedures enacted for that purpose under the statutory mandate of 14 M.R.S.A. §§ 5502–5508. Such would include voluntariness of the plea, knowledgeability of the defendant regarding the consequences thereof, compliance or non-compliance with the requirements of the McCarthy rule so-called, Rule 11, M.R. Crim.P., ineffective assistance of counsel in connection therewith, misrepresentation, coercion or duress in securing the plea and insanity of the pleader. A direct appeal lies in cases involving the above enumerated grounds only upon denial at the trial court level of a timely motion to withdraw the plea of guilty. In that circumstance a proper evidentiary hearing is available in the trial court to the same extent as in

post-conviction habeas corpus proceedings when used to test the legal propriety of the plea of guilty.

█ It is our considered opinion that the provisions of 15 M.R.S.A. § 2115 granting any defendant in any criminal case in the Superior Court aggrieved by a judgment, ruling or order an appeal therefrom to the law court do not apply in cases where the defendant has entered a plea of guilty to the criminal offense charged against him except in the limited circumstances hereinafter stated.

Where the trial court has no jurisdiction to impose the particular sentence, or if the sentence be constitutionally excessive or amount to cruel or unusual punishment, such a sentence may be attacked on jurisdictional grounds either on direct appeal, State v. Cotton, 1965, 240 Or. 252, 400 P.2d 1022, Geeter v. State, 1950, 35 Ala.App. 207, 45 So.2d 167, or in post-conviction habeas corpus proceedings.

█ Even where the plea of guilty was made freely and voluntarily with full understanding of its nature and effect, as the Justice below properly found in the instant case, a defendant is not precluded from raising by direct appeal from the judgment of conviction his objection to the indictment on the ground that the facts alleged therein did not constitute an indictable offense nor objections relating to the jurisdiction of the court to try him. Miggins v. State, 1936, 170 Md. 454, 184 A. 911; Cohen v. State, 1964, 235 Md. 62, 200 A.2d 368 at p. 372. The sufficiency of an indictment and matters of record based on the indictment are a proper subject of review on appeal, even though defendant entered a plea of guilty in the trial court. People v. Schneider, 1929, 334 Ill. 630, 166 N.E. 529; People v. McClain, 1967, 79 Ill.App.2d 131, 223 N.E.2d 235. If an indictment or information is void the error can be reached on appeal even though there has been a plea of guilty. Klawanski v. People, 218 Ill. 481, 75 N.E. 1028. Jurisdiction is a fundamental prerequisite to a valid prosecution and conviction. If the indictment does not charge a crime, the ensuing judgment entered upon a plea of guilty is void. A court's jurisdiction is not determined by the plea which the person charged with a crime may interpose and an indictment which fails legally to charge a crime cannot be validated by waiver or consent. People v. Collins, 1962, 35 Ill.App.2d 228, 182 N.E.2d 387. See also, Hudson v. United States, 1926, 47 S.Ct. 127, 272 U.S. 451, 71 L.Ed. 347; Crolich v. United States, 1952, 5th Cir., 196 F.2d 879, cert. den. 344 U.S. 830, 73 S.Ct. 36, 97 L.Ed. 646.

If no crime is charged in the indictment, no lawful sentence can be imposed. Smith, Petr. v. State, 1950, 145 Me. 313, 75 A.2d 538; Berger v. State, 1951, 147 Me. 111, 83 A.2d 571. This Court is firmly committed to the rule that jurisdictional questions are always open to judicial scrutiny. Green v. State, Me., 1968, 245 A.2d 147 at p. 150. A fatally defective complaint which did not allege a criminal offense and gave the court no jurisdiction to try and sentence the respondent was viewed on appeal as jurisdictional and a proper reason for exercising appellate jurisdiction even though the error was not suggested by the parties at any stage of the proceedings and was noticed by the court itself for the first time on appeal. State v. Rowell, 1951, 147 Me. 131, 84 A.2d 140. See also, State v. Millett, 1964, 160 Me. 357, 203 A.2d 732. Similarly, in convictions by reason of plea of guilty, the jurisdictional question raised against a fatally defective indictment would necessarily compel relief on appeal to serve the ends of substantial justice and prevent the denial of fundamental rights. State v. Wheeler, 1969, Me., 252 A.2d 455 at page 458.

█ The petitioner had the right to test the sufficiency of the indictment on appeal even though he pleaded guilty to the charge and to that extent his attorney owed him the duty to advise him thereon. People v. Garrow, 1968, 30 A.D.2d 618, 290 N.Y.S.2d 694.

Petitioner was represented by counsel of his own selection and he cannot complain of his counsel's alleged incompetence for failure to advise him of his right of appeal, unless counsel's omission resulted in a manifest miscarriage of justice or was conduct so prejudicial as to deprive the petitioner of due process. The burden was on Dow to show fundamental unfairness by the fair preponderance of evidence. Bennett v. State, 1965, 161 Me. 489, 214 A.2d 667. In the instant case the petitioner's attack upon the sufficiency of the indictment was, as pointed out previously, utterly frivolous. Where petitioner merely charged his counsel with incompetency in not advising him of his limited right of appeal and did not assign any reason for making such a charge other than he was unaware of his right, the mere failure of counsel to inform an accused of his right to appeal in a case where the prosecution of such appeal would have been patently frivolous did not amount to denial of·competent counsel, nor did it constitute a denial of due process affording a basis for post-conviction relief. Shefton v. Warden, Maryland Penitentiary, 1965, 239 Md. 702, 211 A.2d 713.

Petitioner's final claim of error is that he was deprived of adequate counsel representation in terms of constitutional requirement because of alleged trial counsel incompetency "in that the petitioner was not advised by his attorney or by the Court of his right to appeal from the revocation of his probation."

The Justice below in the first place found that there was ample evidence to support the trial Court's finding of violation of probation, but further rested his rejection of Dow's contention of inadequate representation of counsel on the ground that there is no right of appeal from an order of a Justice of the Superior Court revoking probation. The Justice below concluded that petitioner's self-retained counsel was not incompetent in failing to advise his client of a right of appeal which did not exist and that Dow's claim of constitutional deprivation of adequate counsel representation was unfounded as a matter of law.

The habeas-corpus Court clearly indicated his awareness that the Law Court did review orders of revocation of probation through the process of direct appeal. State v. Allen, 1967, Me., 235 A.2d 529; State v. Oliver, 1968, Me., 247 A.2d 122; State v. Smith, 1969, Me., 256 A.2d 580 and State v. Russo, 1969, Me., 260 A.2d 140. But he states that the jurisdictional point was not raised in any one of the cases mentioned, nor does any statute or rule specifically provide an appeal from an order revoking probation, terming revocation-of-probation hearings sui generis, independent of the criminal cases out of which they arise and not within the connotation of "civil cases" in which appeals by statute or rule are provided.

In Mottram v. State, 1967, Me., 232 A.2d 809, we took notice that the statute provided no appeal from determinations of parole violations made by the State Probation and Parole Board and acknowledged that revocation of parole under the statutory concept was an administrative function rather than a quasi court procedure. In this legislative setting, we ruled that post-conviction habeas corpus is the proper remedy to test the ultimate legality of a parolee's imprisonment by review of the Board's revocation of parole within the limits therein enunciated. In *Russo*, supra, we recognized a legislative intent to differentiate between judicial revocation of probation and administrative revocation of parole. In *Allen*, supra, we emphasized the legislative purpose to keep the probationer under the jurisdiction of the court system during the supervisory probation period and to make revocation of probation a judicial function to be exercised in terms of sound judicial discretion, a discretion reversible only upon clear showing of abuse.

We do agree that revocation-of-probation hearings, except when accompanied by imposition of sentence (cf. Mempa v.

Rhay, 1967, 88 S.Ct. 254, 389 U.S. 128, 19 L.Ed.2d 336), are independent and not an integral part of the criminal case from which they arise. A revocation-of-probation hearing is not a criminal case within the meaning of that term as used in 15 M.R.S.A. § 2115 providing appeals to defendants aggrieved by a judgment, ruling or order of the Superior Court. State v. Smith, supra; State v. Allen, supra.

Some authorities hold that, without express statutory or court rule provisions allowing appellate review, decisions of court or magistrate in cases of revocation of probation are final and non-appealable. Sutton v. State, 1963, 244 Ind. 368, 191 N.E.2d 104; State v. Saavedra, 1968, 5 Conn.Cir. 367, 253 A.2d 677; Ray v. State, 1969, Miss., 229 So.2d 579. The Maryland Court, however, has reached the opposite conclusion. Coleman v. State, 1963, 231 Md. 220, 189 A.2d 616. Also, United States ex rel. Grossberg v. Mulligan, 2nd Cir., 48 F.2d 93. See, 24 C.J.S. Criminal Law § 1656, page 1020, and cases cited at note 22.5.

We concede that probation-revocation hearings are proceedings sui generis. The same is true of our proceedings for divorce or annulment of marriage. See, Mitchell v. Mitchell, 1940, 136 Me. 406, 11 A.2d 898; Preston v. Reed, 1945, 141 Me. 386, 44 A.2d 685; Dolan v. Dolan, 1969, Me., 259 A.2d 32. Nevertheless, these causes were considered within the term "civil proceeding" under the former statutes allowing exceptions to parties aggrieved by any of the opinions, directions or judgments in any civil or criminal proceeding (R.S.1857, c. 77, § 27—R.S.1954, c. 106, § 14). Simpson v. Simpson, 1920, 119 Me. 14, 109 A. 254; Bond v. Bond, 1928, 127 Me. 117, 141 A. 833; Kennon v. Kennon, 1955, 150 Me. 410, 111 A.2d 695. Nobody would question the right of appeal in divorce or annulment cases under Rule 73, M.R.Civ.P., in substitution for the former bill of exceptions to review errors of law, notwithstanding that such causes are sui generis in nature.

The same can be said of contempt proceedings. A criminal contempt is a proceeding independent, and not an integral part, of the civil or criminal case out of which it may arise. In Stern v. Chandler, 1957, 153 Me. 62, 134 A.2d 550, this Court noted that at common law the judgment of a court of competent jurisdiction, in the absence of constitutional or statutory provisions to the contrary, was final and conclusive and nonreviewable. Nevertheless, our Court relaxed the common law rule and extended the right of review on questions of law in contempt proceedings by means of habeas corpus. Even though it might be concluded from the *Stern* decision that prior to 1965 contempt proceedings were not reviewable by the Law Court in direct appeal or by bill of exception, yet, in Alexander v. Sharpe, 1968, Me., 245 A.2d 279, we brought this "sui generis" proceeding within the broad scope of Rule 37, M.R.Cr'm.P. which provides that whenever a judgment of the Superior Court is by law reviewable by the Law Court, review shall be by appeal. We held in *Alexander* that "[a]ppeal, and not habeas corpus, is now the appropriate method for review of Superior Court judgments for criminal contempt." Professor Glassman, in Maine Practice, § 42.5 was cited presumably for his statement that

> "4 M.R.S.A. § 57 gives the Law Court jurisdiction to hear cases involving 'questions of law.' Rule 37 provides that judgments or orders which are reviewable shall be reviewed by appeal. Reading the two together leads to the conclusion that appeal is the appropriate method of review."

An order and judgment of the Superior Court revoking probation, when not accompanied by imposition of sentence (as in cases like Mempa v. Rhay, supra), is a final order and judgment of the Court. It represents a judicial conclusion upon the issues presented, whether the probationer has violated the terms and conditions of his probation. It settles the controversy after the charges have been proffered and

the probationer given the opportunity to defend against them. Although not a criminal case, the revocation of probation proceeding may be likened to any other civil action tried by the court without a jury. It is a "case presenting a question of law" within the meaning of 4 M.R.S.A. § 57 as amended by Public Laws, 1965, Chapter 356, § 1. This amendment broadened the former jurisdiction of the Law Court and gave rights of review in any case presenting a question of law. The deletion of the words "civil or criminal" from the former phrase "cases civil or criminal" was an intended departure from the restrictive use of the word "cases" to its use in the most comprehensive and unrestricted sense. As stated in Mather v. Cunningham, 1910, 107 Me. 242, 78 A. 102, " '[w]hen applied to legal proceedings it [the word "case"] imports a state of facts which furnish an occasion for the exercise of the jurisdiction of a court of justice. In this, its generic sense, the word includes all cases, special or otherwise.' "

■ Rulings of the trial court resting in judicial discretion when palpably wrong or based upon error in law or when resulting in manifest injustice were reviewable on exceptions under the prior practice as this Court then construed the Law Court jurisdictional enabling act. Young v. Carignan, 1957, 152 Me. 332 at page 337, 129 A.2d 216, and cases cited. With the adoption of our new rules of civil and criminal procedure and the change in our statutes for the purpose of providing a single form of appellate review for all cases (Maine Civil Practice, Field and McKusick, Rule 73, Reporter's Notes at page 545) (Maine Practice, Glassman, Rule 37, Reporter's Notes at page 309), the appropriate method to test the legal propriety of Superior Court judgments respecting violation of probation is by appeal. Although "sui generis" in nature and not a criminal trial, the proceeding as previously stated may be likened to a civil proceeding before a justice without a jury, with the same logic with which a contempt proceeding may be viewed as a criminal proceeding. A probationer by appeal may raise the issue, whether the court's finding of violation of probation was made in the exercise of a sound judicial discretion from the evidence before it or whether it was the result of whim or caprice.

■ Since revocation-of-probation hearings present no constitutional implications, State v. Russo, supra, Skidgell v. State, 1970, Me., 264 A.2d 8, post-conviction habeas corpus should not be used to test the legality of a finding of violation of probation, as this statutory remedy by express statutory mandate is not a substitute for appeal. 14 M.R.S.A. § 5502, Bennett v. State, supra.

■ In the instant case, the Justice below found that "[t]here was ample evidence to support the Justice's finding of violation ['of probation]. There is not the slightest appearance of error." He characterized the petitioner's cause in the matter of revocation of probation as hopeless. Under such circumstances, counsel's failure to advise petitioner respecting his right of appeal was neither incompetency, nor inadequate representation. Since revocation-of-probation hearings are not criminal prosecutions within the constitutional provisions of either the Constitution of Maine or of the United States, Dow was denied no constitutional privilege.

The entry must be

Appeal denied.

MARDEN, J., sat at argument but retired before the opinion was adopted.

WEATHERBEE, J., did not sit.