**STATE of Maine**

v.

**Michael ANDREWS.**

Supreme Judicial Court of Maine.

Argued March 16, 1993.

Decided May 19, 1993.

Michael E. Carpenter, Atty. Gen., Wayne S. Moss (orally), Asst. Atty. Gen., Augusta, for plaintiff.

William N. Ferm (orally), Ferm, McSweeney & Collier, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

COLLINS, Justice.

Michael Andrews appeals from the judgment entered on his plea of guilty of aggravated operating under the influence (OUI), 29 M.R.S.A. § 1312–B (Pamph.1991),[1] in the Superior Court (Washington County, *Browne, A.R.J.*). Andrews asserts that the trial court's inquiry in accepting his plea did not comply with M.R.Crim.P. 11. Andrews' contention is not reviewable on direct appeal, however, because he failed to file a timely motion to withdraw his plea

---

1. 29 M.R.S.A. § 1312–B provides in relevant part:

   **1. Offense.** A person is guilty of a criminal violation under this section if he operates or attempts to operate a motor vehicle ...

[w]hile under the influence of intoxicating liquor....

    \*    \*    \*    \*    \*    \*

   **2–A. Aggravated punishment category.** If the State pleads and proves that, while operating a motor vehicle in violation of this section, the actor in fact caused serious bodily injury ... to another person ... the sentenc-

pursuant to M.R.Crim.P. 32(d).[2] We affirm the judgment.

While operating his motor vehicle under the influence of intoxicating liquor, Michael Andrews caused an accident in which a passenger in his car, June Hunt, suffered serious and permanent injuries. After indictment, Andrews, entered a plea of guilty to aggravated OUI, 29 M.R.S.A. § 1312–B (Pamph.1991).[3] Andrews did not file a motion to withdraw his plea before sentencing as required by M.R.Crim.P. 32(d). *See supra* note 2. He was then sentenced to five years imprisonment, all but three years suspended, a $1000 fine, an 18–month license suspension, and three years probation.

Andrews concedes that the trial court made an adequate inquiry into the factual basis for the charge. He now argues, however, that the trial court's inquiry to determine whether his plea was made knowingly and voluntarily was inadequate pursuant to M.R.Crim.P. 11. He argues that, because the Rule 11 proceeding was facially deficient, his plea was not valid and his conviction should therefore be vacated on direct appeal. We have consistently held that challenges to the entry of a guilty plea based on "voluntariness of the plea, knowledgeability of the defendant regarding the consequences thereof, [or] compliance or noncompliance with the requirements of [M.R.Crim.P. 11]" are cognizable on direct appeal only "upon denial at the trial court level of a timely motion to withdraw the plea of guilty." *Dow v. State*, 275 A.2d 815, 820–21 (Me.1971); *Morgan v. State*, 287 A.2d 592, 598 (Me.1972); *State v. Blanchard*, 409 A.2d 229, 232 n. 1 (Me. 1979). In *Dow*, we reasoned that in this circumstance, "a proper evidentiary hearing is available in the trial court to the same extent as in post-conviction ... proceedings." *Dow*, 275 A.2d at 820–21.

Andrews argues, however, that an evidentiary hearing is unnecessary in the case at bar because the deviation by the trial court from Rule 11 is apparent from the face of the record and thus his plea is facially invalid. We have never required strict compliance with M.R.Crim. P. 11 in order to uphold a guilty plea.[4] In fact, in *Morgan v. State*, 287 A.2d at 601, we held that we will not automatically vitiate a plea of guilty because of an omission or inadequacy in the conviction proceeding itself. *Id.* We further held that "a guilty plea is vitiated ... only if the *total record* ... fails [to establish adequately] a factual matrix ... by which the plea is affirmatively shown to have been voluntarily and understandingly made." *Id.* (emphasis in original).

We find no merit in Andrews' contention that the 1980 addition to Rule 11 of subsections (c) and (d), insuring that a plea be made knowingly and voluntarily, changed

---

ing class for the offense in subsection 1 is a Class C crime....

. . . . .

29 M.R.S.A. § 1312–B(1) & (2–A) (Pamph.1991).

**2.** M.R.Crim.P. 32(d) requires: "A motion to withdraw a plea of guilty ... may be made only before sentence is imposed."

**3.** Andrews actually pleaded guilty to Count I, aggravated OUI, and to Count IV, an ancillary indictment for a previous OUI conviction in 1987.

**4.** Our interpretation of M.R.Crim.P. 11 differs in this respect from the history of Fed.R.Crim.P. 11. In 1969, the United States Supreme Court held that "a defendant whose plea has been accepted in violation of [Fed.R.Crim.P. 11] should be afforded the opportunity to plead anew ... [to] insure that every accused is afforded those procedural safeguards [and also

to] reduce the great waste of judicial resources required to process the frivolous attacks on guilty plea convictions that are encouraged, and are more difficult to dispose of, when the original record is inadequate." *McCarthy v. United States*, 394 U.S. 459, 472, 89 S.Ct. 1166, 1174, 22 L.Ed.2d 418 (1969). In 1983, however, Fed. R.Crim.P. 11 was amended by the addition of subsection (h) which provides, "Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." The Advisory Committee further noted:

[Fed.R.Crim.P. 11] is not to be read as requiring a litany or other ritual which can be carried out only by word-for-word adherence to a set "script" [and if a court concludes that] Rule 11 has not been complied with in all respects, it does not inevitably follow that the defendant's plea of guilty ... is invalid and subject to being overturned....

Fed.R.Crim.P. 11(h) advisory committee's note (1983).

the requirements for vitiating a plea. The 1980 amendments do not impose a requirement of automatic invalidation of a defendant's guilty plea because of an omission or inadequacy of the Rule 11 proceedings. *See State v. Comer*, 584 A.2d 638, 641 (Me.1990) ("While the court did not mention the words 'speedy public trial,' doing so under the circumstances of this case would not have provided [the defendant] with any additional information with which to enter knowing and voluntary pleas."). In the case at bar there is no suggestion from the record before us that Andrews' plea was entered involuntarily or without knowledge of the circumstances. He was represented by retained counsel of his choice at all stages of the proceeding. He stated that he understood the nature of the charges and the consequences thereof. He also filed no motion to withdraw his plea.

The entry is:

Judgment affirmed.

All concurring.