Stanley EDWARDS

v.

STATE of Maine.

Supreme Judicial Court of Maine.

Argued June 7, 1994.

Decided July 28, 1994.

Robert E. Sandy (orally), Sherman, Sandy & Lee, Waterville, for plaintiff.

Linda Conti (orally), Asst. Atty. Gen., Augusta, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

The State appeals from a judgment entered in the Superior Court (Kennebec County, *Brennan, J.*) granting Stanley Edwards's petition for post-conviction relief because the trial court's acceptance of his guilty plea did not comply with Rule 11 of the Maine Rules of Criminal Procedure. The State argues that the reviewing court improperly failed to consider evidence presented at the post-conviction hearing. We agree, and we vacate the judgment.

In 1989, Stanley Edwards pled guilty to six counts of gross sexual misconduct, 17–A M.R.S.A. § 253(1)(B) (1983), and seven counts of unlawful sexual contact, 17–A M.R.S.A. § 255(1)(C) (Supp.1987). The court accepted Edwards's guilty pleas and sentenced him to a total of 31 years incarceration with all but nine years suspended, fol-

lowed by ten years of probation.[1] In 1990, Edwards sought post-conviction review, arguing that at the time of his plea, the court failed to inform him of the elements of the offenses charged, the maximum sentences for those crimes, and his right to testify on his own behalf, thereby rendering the proceeding fatally defective. At the post-conviction hearing, the State offered the testimony of Edwards's counsel at the time of his plea. He testified that, prior to the Rule 11 hearing, he "went through the charges" with Edwards and informed him, both orally and in writing, of the maximum sentence for each count with which he was charged. Counsel also testified that he and Edwards had discussed the possibility of Edwards testifying. Edwards denied that he had discussed with his counsel the maximum sentences, the elements of the crimes charged, or his right to testify. The post-conviction court held that there must be at least "substantial compliance" with Rule 11. The court cited the Rule 11 transcript showing that the trial court had not complied with the rule and granted the petition without considering the evidence of Edwards's actual knowledge.

On appeal, the State argues that the court erred in refusing to consider evidence presented at the post-conviction hearing concerning Edwards's actual knowledge of the elements of and the maximum sentences for the charges against him and the right to testify on his own behalf. Edwards responds that there is nothing to suggest that the post-conviction justice ignored any evidence before him and that the record as a whole does not support the State's argument that Edwards understood the elements of the crimes charged.

■ Pursuant to Rule 11, before accepting a guilty plea the trial court "shall address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, ... [t]he elements of the crime charged, the maximum possible sentence and any mandatory minimum sentence," and the right to testify on his own behalf. M.R.Crim.P. 11(c)(1), (c)(2)(D). Such questioning was not performed at the Rule 11 hearing. That, however, does not end our inquiry. If the court does not comply with Rule 11, the burden shifts to the State to demonstrate *from the entire record* that the plea was made voluntarily and with knowledge of the matters set forth in Rule 11. *State v. Andrews*, 624 A.2d 1235, 1236–37 (Me.1993); *Davis v. State*, 306 A.2d 127, 135 (Me.1973). The "entire record" includes any post-conviction proceedings. *Davis*, 306 A.2d at 135; *Morgan v. State*, 287 A.2d 592, 606–07 (Me.1972). In the posture of the present case, the issue is not whether the Rule 11 proceeding demonstrated defendant's actual knowledge but whether he in fact had actual knowledge. *See Morgan*, 287 A.2d at 606.

■ The evidence at the post-conviction hearing was conflicting: Edwards testified that he did not know the elements of or sentences for the crimes charged or of his right to testify, but his counsel testified that he had discussed these matters with Edwards prior to the Rule 11 hearing. The reviewing court declined to choose between the two versions, stating instead, "I do not have to rely on faded memories. We have the transcript [of the Rule 11 hearing]." The court's refusal to consider evidence from the post-conviction hearing was incorrect as a matter of law.

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

ROBERTS, CLIFFORD, RUDMAN and DANA, JJ., concurring.

LIPEZ, Justice, dissenting, with whom GLASSMAN, Justice, joins.

I must respectfully dissent from the opinion of the Court, which incorrectly reads the trial court's statement that "I do not have to

---

**1.** The parties agreed to a plea bargain of 20 years incarceration, with all but nine years suspended, followed by ten years of probation. The sentences, however, total more than that. Edwards received a 20 year sentence, with all but nine years suspended, followed by six years of probation; plus a *consecutive* sentence of eleven years, all suspended, followed by four years of probation; plus a concurrent five year sentence.

rely on faded memories" as a refusal to consider evidence presented at the post-conviction hearing. The trial court was unpersuaded by the testimonial evidence presented by the parties because of its reliance on faded memory. In these circumstances, the transcript of the Rule 11 proceeding became the decisive evidence for the trial court in deciding whether the State met its burden of demonstrating from the entire record that the plea of Edwards was made voluntarily and knowingly. Rather than ignoring the testimonial evidence, as the Court concludes, the trial court was simply characterizing its poor quality. That was its judgment to make as the factfinder. I would affirm the decision of the trial court.